## Henry S. Dean and Sedgwick Dean v. Charles A. Chapin et al.

*Pleading and evidence.* In *assumpsit* for the sale of chattels, evidence that they were sold in violation of the revenue laws of the United States is admissible under the general issue.

*Proof of judgments : United States Courts.* A judgment rendered in a United States Court, authenticated in the common-law mode, and in the manner provided by the laws of this state, is admissible in evidence, notwithstanding the form of authentication is not such as the acts of Congress require to make it evidence in all places.

*Record evidence: Suits in rem: Privies.* A judgment in a proceeding for a forfeiture, under the United States revenue laws, *pro forma in rem*, but practically against the claimant of the property, is not conclusive against parties, having no notice of the proceeding, as to facts on which the judgment was founded.

*Heard January 11. Decided January 12.*

Error to Washtenaw Circuit.

This was an action of *assumpsit* brought by appeal from a justice's judgment into the Circuit Court for the County of Washtenaw, in a suit between Henry S. Dean and Sedgwick Dean, plaintiffs, and Charles A. Chapin, Charles H. Richmond, and Ebenezer Wells, defendants. The action was for the purchase price of thirty-six oil barrels. The defendants pleaded the general issue, and gave notice of set-off. The cause was tried by a jury, who, under the charge of the court, found a verdict for the defendants. The plaintiffs removed the cause to this court by writ of error.

*D. Cramer*, for plaintiffs in error.

*R. E. Frazer* and *E. Lawrence*, for defendants in error.

CAMPBELL, CH. J.,

Plaintiffs in error sued defendants to recover the price of certain oil barrels which had contained kerosene oil, and when empty had been bargained for by defendants.

The defense relied upon was, that before delivery the

plaintiffs had failed to cancel the inspection brand, whereby the sale was made illegal and the property forfeited to the United States. And evidence was given of an actual seizure and forfeiture.

It is urged as ground of error that this defense is not admissible under the general issue. But under the laws such forfeitures relate back to the time of the offense committed, and defeat any title. The defense is equivalent, therefore, to denying the delivery of any valuable thing and any lawful sale, and goes to the whole original cause of action under the contract. It is not a subsequent failure of consideration, but a sale in violation of law. The sale itself is the offense.

The serious question in the case arises upon the proof of illegality, and the effect of the United States judgment, and the mode of proving it.

The judgment record was proved by the certificate of the United States district clerk, under the seal of the court, in the full form declared sufficient by our statutes, and in conformity to the common law, but not, as it is claimed, in such form as to make it evidence in all places under the acts of Congress, declaring the manner of proving such judgments so as to make them admissible everywhere. We could not reject such evidence of a judgment of that kind as Congress shall have declared conclusive, but we are not compelled to require it unless we choose. And our statutes have not only provided for such evidence as was here produced, but they have not undertaken to rescind the common-law rules, not in conflict with them. They have merely provided additional methods of proof. And the rules which we recognized in *Capling v. Herman, 17 Mich. R., 524,* upon a case involving a Canadian judgment, will substantially apply here. We think the judgment was properly proved.

DEAN *v.* CHAPIN.

The court below—but with the expression of doubt as to its correctness—held the judgment conclusive proof against the plaintiffs, that the barrels were liable to forfeiture, and that they had been sold without canceling the brands. As the evidence *aliunde* was conflicting upon this point, the decision was made by the court to turn entirely on the effect of this judgment. There was evidence which the jury must have found satisfactory that the barrels were seized by the United States Marshal, and were the same referred to in the judgment. It becomes necessary, therefore, to examine into the judgment, to ascertain between what parties and on what subjects it is binding. For there can be no dispute concerning any matters within the jurisdiction of the court, adjudicated by it, on the part of any one who is in law a party or privy to it.

It appears that upon the seizure of the barrels and the filing of the information, Chapin at once claimed and bonded the barrels, and then let judgment go against him by default. After his claim no steps were taken by the court to notify any .parties in interest to appear, as the bonding transferred the property to the claimant,—so far as the United States were concerned; and thenceforward the proceeding, though not changing its name, ceased to have the character of a proceeding *in rem*, to which all the world are parties, and became in substance a controversy with the claimant. And as plaintiffs were not called upon in any way, by actual or constructive notice, and had no standing in court when the judgment was pronounced, they cannot be held, as between them and defendants, to have been parties or privies; and they are not affected by it, in this controversy. As to them, it was merely Chapin's admission or declaration that the barrels were illegally sold by him. He could not make testimony for himself in that way.

The law would not compel him to defend a suit which

was not really capable of defense, but if he failed to do so, he assumed the burden of proving clearly that the cause of forfeiture existed. The judgment, under such circumstances, cannot help him or his co-defendants. They must show the illegality which justified the seizure.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.