# George W. Brackett

*v.*

# The People *ex rel*, Daniel McGowan.

Evidence—*foreign record*.  In a proceeding by *quo warranto*, the respondent, whose right to continue to exercise the functions of an office was questioned, pleaded that the relator, who claimed to have been elected as his successor, was an alien, and the latter replied his naturalization, to prove which he gave in evidence a copy of the record of a criminal court in the State of Missouri; but the copy was simply certified by the clerk with the seal of the court attached.  There was no certificate of the presiding judge of the court, nor was it shown the court had jurisdiction. The copy was not admissible in evidence.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was a proceeding in the court below by *quo warranto*. The information set out:

"That, at an election held according to law, on the 4th day of April, 1871, at East St. Louis, the relator, Daniel McGowan, was elected police magistrate for said city, to succeed the plaintiff, Brackett, who was then holding said office; that Bracket was a candidate for re-election and received the next highest number of votes for said office; that McGowan, on the 13th day of April, 1871, filed his official bond, and on the 17th day of the same month received his commission and was duly qualified; that Brackett, well knowing, etc., after the election and qualification of his successor, did, on the 18th day of April, 1871, unlawfully hold, and still continues unlawfully to hold said office; and on the last mentioned day, at, etc., unlawfully executed and exercised the powers and duties, and enjoyed the emoluments of said office, and, at, etc., still continues to unlawfully execute and exercise the powers and duties, and to enjoy the emoluments of said office, contrary to the form of the statute and against the peace and dignity of the people of the State of Illinois."

The issue formed, and the grounds of error assigned, are set forth in the opinion.

Upon a trial, a judgment of ouster was pronounced, from which the respondent appealed.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The statute providing for the office of police magistrate in question, in prescribing the term of his office, declares that he shall hold his office for the term of four years and until his successor shall be elected and qualified. Private Laws 1861, p. 648.

The information in this case admits title to the office in the defendant, Brackett, on the 4th day of April, 1871, but calls for his warrant to hold it after that time, alleging the election, and that Brackett was a candidate for re-election, but that Daniel McGowan received the highest number of votes at such election; filed his bond, received his commission, and was duly qualified; that Brackett, well knowing the premises, unlawfully held and continued to hold said office after his successor was duly elected and qualified.

There was a plea by Brackett that McGowan, at the time of his election, was an alien; to which relator, McGowan, replied his naturalization in and by a criminal court of the State of Missouri, on which issue was joined. To maintain this issue, a copy of the record of said criminal court was offered in evidence on behalf of relator, which was objected to by the defendant's counsel. The objection was overruled by the court, and the record received in evidence. To which ruling exception was taken.

The copy of record received in evidence was simply certified by the clerk with the seal of the court attached. There

was no certificate of the presiding judge of the court, as required by the act of congress. Nor was there anything in evidence to show the jurisdiction of the court, and that it possessed the requisite jurisdiction to naturalize aliens under the act of congress.

We are of the opinion that the court erred in admitting the copy of the record of the criminal court in evidence, and in rendering judgment, and for this reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*