MARGARET DINTLEMAN *et al.*

*v.*

HENRY GILBERT *et al.*

*Filed at Mt. Vernon March 28, 1892.*

1. ESTOPPEL—*to enforce contract to convey, where complainant has been a party to adverse conveyance.* Where a person is a party to an arrangement by which his debt is paid by the conveyance of a tract of land to his creditor, he and his heirs will be estopped from specifically enforcing a contract of the grantor to devise the same land to him, and thus defeat the payment of his debt.

2. SPECIFIC PERFORMANCE—*addressed to the sound legal discretion of the court.* A court of equity will not always enforce the specific performance of a contract. Application for a specific performance is addressed to the sound legal discretion of the court, and will not be granted if there is anything which makes it unconscionable for equity to lend its aid. A party asking equity must do equity, or at least offer to do equity.

APPEAL from the Circuit Court of Washington county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. WATTS & WATTS, for the appellants.

Mr. JAMES M. ROUNTREE, for the appellees.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

The original and amended bills in this cause were filed in 1890 by the widow and children of Henry Dintleman, deceased, against Henry Gilbert and the widow and children of Adam Heissel, deceased, setting up that Heissel was the father-in-law of Dintleman and Gilbert; that, on February 22, 1866, Dintleman executed a deed of N. W. $\frac{1}{4}$ S. E. $\frac{1}{4}$ Sec. 32, etc., in Washington County, to Heissel, in consideration of $750.00, and the execution and delivery by Heissel to Dintleman of an agreement, dated February 22, 1866, by the terms of which, in consideration of $1.00 and natural affection, Heissel agreed to and with Dintleman "to devise and bequeath all his right, title and interest in and to" said 40 acres, "and to his heirs forever, said grant and devise to take effect and be in force from his natural death and not sooner;" that said deed and contract were executed and delivered and recorded at the same time, and "constituted one and the same transaction;" that the land was then worth $1700.00, but the price was reduced to $750.00 in consideration of the execution of the contract; that, on November 6, 1869, Gilbert, with notice of said contract and Dintleman's rights thereunder, procured a deed of the land from Heissel but paid nothing for it; that Dintleman

died intestate on September 1, 1885; that Heissel died on December 2, 1889, "without completing the obligations imposed by said contract;" that, in October, 1880, Gilbert filed a bill against Dintleman to set aside the contract, and that the bill was dismissed. The prayer of the bill in this case is, that the court "will order and decree the title to said 40 acres * * * to be in * * * complainants * * * and that sufficient and proper deeds to convey said title be executed and delivered to them, and that all right and interest of the said Henry Gilbert be terminated," etc.

The answer sets up, that Gilbert, on June 4, 1864, owned the N. $\frac{1}{2}$ of said S. E. $\frac{1}{4}$, being 80 acres, and sold and deeded the same to Dintleman for $1500.00; that Dintleman paid $200.00 in cash and gave Gilbert his note for $1300.00, dated June 4, 1864, due in one year and drawing 10 per cent interest, and, to secure the same, executed to Gilbert a mortgage of same date, recorded on June 4, 1864, upon said 80 acres; that, when Dintleman conveyed the N. W. $\frac{1}{4}$ of said S. E. $\frac{1}{4}$, being the west 40 acres of said 80 acres, to Heissel, Heissel assumed the payment of $750.00 of said note and mortgage for $1300.00 with the interest thereon, as a part of the consideration paid for said 40 acres; that, at the same time, Heissel also executed and delivered to Dintleman his note for $750.00 and a second mortgage upon said 40 acres to secure the same; that said second mortgage has been marked satisfied by Dintleman; that thereafter the land depreciated in value; that neither Dintleman nor Heissel paid any of the $750.00, or interest thereon; that, to prevent foreclosure and expense, and to better secure the amount due on the mortgage and other monies due to Gilbert, Heissel and his wife, executed to Gilbert the warrantee deed of November 6, 1869, and delivered to him the possession of the land; that the agreement of February 22, 1866, was obtained by fraud; that Gilbert had no notice of said agreement, when he received the deed from Heissel on November 6, 1869, except constructive notice

by the record; that Gilbert has been in possession for 20 years- and paid all taxes, and pleads the twenty years' statute of limitations, and also pleads possession and payment of taxes- for seven years under claim and color of title; denies that the agreement for a bequest can be enforced, etc.

After proofs taken and hearing had, the Circuit Court dismissed the bill, and the present appeal is prosecuted from such decree of dismissal.

Substantially, the present bill is one for the specific performance of a contract. The agreement, made by Heissel on February 22, 1866, for a devise of the 40 acres, is treated as- a contract for the conveyance of the land to Dintleman to take effect at Heissel's death; and the object of the bill is to compel an enforcement of the contract by requiring the heirs of Heissel, and Gilbert, who is alleged to have taken the legal title from Heissel with notice of the contract and subject to- its obligations, to deed the west 40 acres to complainants, as heirs of Dintleman. Without stopping to discuss the ques- tion whether a contract to devise land, where the maker dies without making a will, can be enforced against his heirs, or not, we think that the trial court properly dismissed the bill. in the present case for two reasons.

In the first place, the complainants are estopped from seeking the enforcement of the contract, because there was a settlement, in Dintleman's life time, between him and Heissel and Gilbert, the effect of which was to leave Gilbert the owner in fee of the 40 acres free from the mortgages and the con-- tract. On May 20, 1867, Dintleman conveyed the N. E. $\frac{1}{4}$ of said S. E. $\frac{1}{4}$, being the east 40 acres of said 80 acres, to Bald- horst and Fredeking, (or the grantor of the latter); and they assumed the payment of $550.00, being the balance of the mortgage for $1300.00, which rested upon the 80 acres, after deducting the $750.00 assumed by Heissel. In February, 1880, Baldhorst and Fredeking filed a bill to obtain a satis- faction of the mortgage, alleging that they had paid the

$550.00 and all interest due thereon. Their bill, as originally filed and as subsequently amended, made Dintleman and Gilbert parties defendant, and referred to the deed of the west 40 acres from Dintleman to Heissel and the contract of the latter to make a devise to the former. In his answer to this bill, Dintleman stated, that he took the second note and mortgage for $750.00 from Heissel to hold, until, Heissel should pay Gilbert $750.00 of the $1300.00 mortgage; that he had delivered up said second note and mortgage, because he had been informed, that Heissel "had paid said Gilbert by deeding him the land;" and that he was willing to satisfy said second mortgage, and had entered it satisfied in full. Gilbert also filed an answer to said bill and alleged, that the $750.00, assumed by Heissel, had never been paid except by the deed from Heissel to himself, on November 6, 1869, of the west 40 acres; and that, the $550.00 and interest having been paid, he was willing to release the mortgage for $1300.00, "when Dintleman releases his mortgage and contract for bequest from Heissel, so as to give Gilbert clear title." Pending the trial of the Baldhorst suit, the parties compromised the controversy, by agreeing to the cancellation of the first mortgage for $1300.00 and the second mortgage for $750.00; and a decree was therein entered, finding that Heissel and Baldhorst and Fredeking had paid the mortgage for $1300.00, and that the mortgage for $750.00 had also been paid; and decreeing that Gilbert and Dintleman should satisfy said mortgages, and should execute releases thereof "according to agreement," etc., and, in default of so doing within 30 days, that the master should execute the releases, etc.

Dintleman was a party to the Baldhorst suit and is bound by the stipulation and decree therein. That decree was favorable to him, and he received the benefit of it. He was liable upon his note to Gilbert for the $750.00 and accumulated interest, which Heissel had assumed to pay, but had failed to pay except by a deed of the west 40 acres to Gilbert. Dintle-

man recognized the fact, that Heissel had paid the portion of Gilbert's mortgage assumed by him with a deed of the 40 acres to Gilbert, by delivering up the second mortgage, which he held against Heissel as security that Gilbert should be paid. The decree, in holding that $750.00 of the Gilbert mortgage had been paid, held that it was paid by Heissel's deed to Gilbert, because it had been paid in no other way. Dintleman permitted his own debt to Gilbert to be discharged by Heissel's deed to Gilbert of the 40 acres. He was estopped from thereafter claiming the 40 acres under the contract of February 22, 1866. It would have been inequitable in the highest degree for Dintleman to make use of the 40 acres to pay his own debt, and then afterwards to take away the same 40 acres from his creditor, who had accepted it as payment. His heirs, the present appellants, are bound by the same estoppel which bound him. The bill filed by Gilbert to have the agreement for the devise removed as a cloud was dismissed by Gilbert on his own motion.

In the second place, a court of equity will not always enforce the specific performance of a contract. Such applications are addressed to the sound legal discretion of the court, and will not be granted if there is anything which makes it unconscionable for equity to lend its aid. (*Hamilton* v. *Harvey*, 121 Ill. 469; *Harrison* v. *Polar Star Lodge*, 116 id. 279; *Beach* v. *Dyer*, 93 id. 295.) It would certainly be inequitable to require the 40 acres to be conveyed to appellants without requiring them to pay the debt which should be found upon an accounting to be due from their ancestor to Gilbert. They do not, however, offer to pay to Gilbert the $750.00 and interest which Dintleman owed in his life time or any part thereof. If they were entitled in any event to the relief which they seek, they should have made such offer in their bill. They, who ask equity, must do equity.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*