THE GARDEN CITY SAND COMPANY

*v.*

ANNA M. MILLER *et al.*

*Filed at Ottawa April 1, 1895—Rehearing denied October 15, 1895.*

1. EVIDENCE—*record of judgment of another State—how proved.* The record of a judgment of another State, authenticated in consonance with section 13, chapter 51, of the Revised Statutes of 1874, is admissible in evidence, although not certified in accordance with the act of Congress.

2. SAME—*provision of statute as to certification applies to foreign judgments.* Foreign, as well as domestic, judgments are included in the provisions of the Revised Statutes of 1874 requiring them to be certified under the hand of the clerk or judge and the seal of the court.

3. SAME—*sufficiency of deputy's authentication of copy of records.* The authentication of a copy from the records, made by a deputy register of deeds signing as deputy, is sufficient when the deputy is authorized to act in case there is no register who can act.

4. SAME—*certificate by deputy register of deeds—presumption of validity.* A certificate by a deputy register of deeds, signed as such deputy, will be presumed to have been made by reason of a vacancy in the register's office, or of the register's absence or inability to act, where the deputy's power to act, under the statute, depends on such vacancy, absence or disability.

5. DEEDS—*failure to state meridian, county or State—sufficiency.* Failure of a deed to give meridian, county or State in which the land conveyed is located, but which states the county and State in which grantor and grantee reside, does not make the deed invalid, where there is evidence of possession under the deed, or of any fact showing what tract was intended to be conveyed.

6. SPECIFIC PERFORMANCE—*what will prevent equitable aid.* Anything that makes it unconscionable for equity to lend its aid will prevent a decree of specific performance of a contract.

7. VENDOR AND PURCHASER—*possibility of defective title does not relieve purchaser.* A bare possibility that a title to land will prove defective is not sufficient to relieve a purchaser from his contract for the land.

8. SAME—*vendee cannot object to title where contract is silent.* A vendee of land whose contract is silent as to the condition of the title and the nature of the deed to be given him, is presumed, under the laws of Michigan, to have satisfied himself concerning the title, and cannot object to the title offered.

9. CONFLICT OF LAWS—*what law governs construction of contract to convey.* A contract to convey land, made in the State in which the land lies, will be construed with reference to the law of that State in respect to the sufficiency of the title to be conveyed.

APPEAL from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Appellees, as vendors, filed their bill for specific performance against appellant, as assignee of one Harpold, vendee of certain lands in Manitou county, State of Michigan. The evidence shows that Eva M. McKinnon and Romaine I. Wendell are minor heirs of Jacob A. T. Wendell, deceased, and that Anna M. Miller was his widow, he dying in Michigan, intestate. The evidence also shows that in August, 1889, the said Anna M. Miller, (then Wendell,) as guardian of the said Eva M. McKinnon and Romaine I. Wendell, made a contract, in writing, with one E. C. Harpold, for the sale of the said real estate for the sum of $1000, of which $100 was paid at the execution of the contract, the remainder to be paid in installments thereafter, the deed to be delivered at the last payment; that Harpold subsequently assigned the contract to the said Garden City Sand Company, the latter notifying the said Anna M. Miller of such assignment and requesting that the deed be made to the company, and that said Anna M. Miller agreed to so make the deed.

On the hearing there was offered in evidence a transcript of certain proceedings in chancery in the circuit court of Mackinac county, Michigan. In such transcript it appears that Anna M. Miller, as guardian of the said minors, by a petition filed in said court October 8, 1889, asked leave to sell the premises above mentioned; that by an order of said court filed October 18, 1889, she was granted such authority, and was directed to report to the court any agreement which she might make for such sale, for approval and confirmation by the court; that on November 18, 1889, she filed a report, stating that she had made a contract with said company for the sale of said

premises, and an order of said court was entered November 18, 1889, approving the report, ratifying the contract and directing the guardian to make and deliver a deed. Mrs. Miller made the contract with Harpold, and ratified the assignment to appellant before applying to the court for authority so to do. Correspondence passed between the appellant and Anna M. Miller for some time, when, on November 2, appellant notified her that it would forfeit the money paid and relinquish its claim.

The land was conveyed from the United States to Joseph V. Brown, and by him to George Wendell and Jacob A. T. Wendell. This deed describes the section, township and range, but gives no meridian, county or State in which the lands are located. George Wendell, by will, devised all his real and personal property to Jacob A. T. Wendell. The date of the death of George Wendell is not shown, but his will was admitted to probate February 12, 1880, and Anna M. Wendell was appointed administratrix. The record does not show that estate settled.

The transcript of the proceedings in chancery in the circuit court of Mackinac county, relating to the matter of guardianship referred to above, is certified by only the clerk of that court, the judge not having added his certificate that the clerk's attestation is in due form. A decree was entered for complainants, as prayed.

EDWIN C. CRAWFORD, for appellant:

Specific performance is not a matter of right, but of sound judicial discretion. *Shaw* v. *Schoonover*, 130 Ill. 448.

Even if the existence of a contract is satisfactorily proved, specific performance will not be decreed of course, but will be withheld or granted according to the circumstances of each particular case. *Wallace* v. *Rappleye*, 103 Ill. 229; *Dintleman* v. *Gilbert*, 140 id. 597.

Complainants must furnish a good merchantable title. *Close* v. *Stuyvesant*, 132 Ill. 607.

A description in a deed of land, which mentions only the section, township and range, is not sufficient to fix legal liability in a suit at law or in chancery relating to such land, unless there is extraneous proof as to what State the land lies in.    *Dickenson* v. *Breeden,* 30 Ill. 279; *Billings* v. *Kankakee Coal Co.* 67 id. 489; *Gooding* v. *Morgan,* 70 id. 275.

The records of the proceedings of a court of another State must be proved, in a suit in this State, by the attestation of the clerk of the former court and the seal of the same, together with a certificate of the judge of said court that said attestation is in due form.    U. S. Rev. Stat. (2d ed.) 1878, title 13, chap. 17; *McMillan* v. *Lovejoy,* 115 Ill. 498; *Giles* v. *Shaw,* Beecher's Breese, 125; *Brackett* v. *People,* 64 Ill. 170; *Horner* v. *Spelman,* 78 id. 207.

The remedy in specific performance must be mutual.    *Robinson* v. *Appleton,* 124 Ill. 276.

F. W. Becker, for appellees:

The law presumes that the deputy register was properly appointed and duly authorized.    *Hague* v. *Porter,* 45 Ill. 318; Broom's Legal Maxims, 907; *Carlton* v. *People,* 10 Mich. 250; *Norton* v. *Shelby County,* 118 U. S. 425.

A complete transcript of all proceedings in another case is unnecessary.    (*Phillips* v. *Webster,* 85 Ill. 146.)    No more of a record need be introduced than affects the question at issue.    *Walker* v. *Doane,* 108 Ill. 236.

The act of Congress on evidence is not exclusive. *Kingman* v. *Cowles,* 103 Mass. 283; *Goodwyn* v. *Goodwyn,* 25 Ga. 203; *Pepoon* v. *Jenkins,* 2 Johns. Cas. 118; *Ellmore* v. *Mills,* 1 Haywood, 359; *Ex parte Povall,* 3 Leigh, 884; *Dean* v. *Chapin,* 22 Mich. 275; *Craig* v. *Dimock,* 47 Ill. 308.

Section 13, chapter 51, of the Revised Statutes, supplements it, and the common law rule as to transcript of record of a court in this State introduced in another court in this State is the same as in Massachusetts.    *Commonwealth* v. *Phillips,* 11 Pick. 27.

There is ample proof that the premises described in the Brown deed were the same premises as are described in the patent, admitted by the answer to be in Manitou county, Michigan, in the absence of testimony showing that Brown lived or owned any land elsewhere. *Russell* v. *Sweezy*, 22 Mich. 235; *Billings* v. *Kankakee Coal Co.* 67 Ill. 489; *Atwater* v. *Schenk*, 9 Wis. 160; *Chambers* v. *Ringstaff*, 69 Ala. 140.

The statutes of Michigan, introduced in evidence, provide that "the register of deeds shall appoint a deputy. * * * That in case of a vacancy in the office of the register of deeds, or his absence or inability to perform the duties of his office, said deputy shall perform the duties of register during the continuance of such vacancy or disability." It will be presumed that one acting in a public capacity was properly appointed, and is duly authorized. Broom's Legal Maxims, 907; *Hague* v. *Porter*, 45 Ill. 318; *Norton* v. *Shelby County*, 118 U. S. 425; *Carlton* v. *People*, 10 Mich. 259.

Per CURIAM: The transcript of the chancery court of Michigan which authorized the guardian to make the sale and approved the contract is attested by the certificate of the clerk, under the seal of the court. The attestation is not in accordance with the act of Congress, which requires the presiding judge to certify the attestation of the clerk is in due form. The admission of that transcript in evidence is assigned as error.

Prior to 1872 there was no statute in this State providing for the manner of attestation of the judgments of the courts of another State to make the same evidence in the courts of this State. In the absence of such legislation this court held, in numerous cases, that where a judgment of a foreign State was sought to be introduced in evidence in the courts of this State it was necessary that it should be attested by the clerk, under the seal of the court, together with a certificate of the presiding

judge that the attestation was in due form. Among the cases declaring such rule we refer to *Brackett* v. *People ex rel.* 64 Ill. 170.

By section 13, chapter 51, of Hurd's Statutes, enacted in 1872, it was declared by the legislature of this State that "the papers, entries and records of courts may be proved by a copy thereof, certified under the hand of the clerk of the court having the custody thereof, and the seal of the court, or by the judge of the court if there be no clerk." Since that legislation the question of the admissibility in evidence of the transcripts of records of the courts of other States has been frequently before this court. In no case arising since the legislation of 1872 has the question been presented as to the sufficiency of the attestation under section 13 of the chapter entitled "Evidence and Depositions," but the question has arisen as to whether the attestation was in accordance with the act of Congress. Of those cases we refer to *McMillan* v. *Lovejoy,* 115 Ill. 498, and *Horner* v. *Spelman,* 78 id. 206.

Before the enactment of 1872 the records of judgments of courts of this State, when offered in evidence in other courts of this State, were attested as at common law. There was no statutory provision on the subject. At common law the manner of authentication was by certificate of the officer having custody of the record, or by exemplification,—that is, affixing the great seal of State. It has been universally held a sufficient authentication of a record of a judgment of a court of a State, when offered in evidence in another court of the same State, that it be certified by the clerk, under the seal of the court. This was evidence at common law, and was the rule in this State when the act of 1872 was adopted. So far as the admissibility of evidence was concerned, section 13 of chapter 51 made no new rule with reference to domestic judgments. That section changed no rule of law by adding to or limiting the admissibility of evidence of domestic judgments within the courts of this State

from what the rule was at common law. The intention of the legislature could not have been to declare as a rule of evidence that which had immemorially existed. By the enactment of section 13 of chapter 51 there is no limitation as to the class of judgments to be so authenticated, and the language used includes both domestic and foreign judgments. The act of Congress as to the manner of authentication of judgments of sister States does not abrogate common law proof, and is not exclusive. The States may pass laws as to what shall be evidence of foreign records within their courts, not inconsistent with the act of Congress, yet waiving some of the requirements of that act. *Ordway* v. *Conroe*, 4 Wis. 45; *Goodwyn* v. *Goodwyn*, 25 Ga. 203 ; *Karr* v. *Jackson*, 28 Mo. 316; *Dean* v. *Chapin*, 22 Mich. 275 ; *Ex parte Povall*, 3 Leigh, 816; *Kingman* v. *Cowles*, 103 Mass. 283.

The record of the chancery court of Michigan, though not certified in accordance with the act of Congress, was authenticated in consonance with section 13 of chapter 51 of the Revised Statutes, and was admissible in evidence.

It appears, from the evidence in this record, that the lands the contract involved in this litigation had reference to, were entered by the patentee, Joseph V. Brown, and in the patent the lands are described as fractional section 17, in township 39, north of range 11, west, in the district of lands subject to sale at Sault St. Marie, Michigan, containing eighty and one-half acres, and the patentee is described as of Chippewa county, Michigan. The evidence then shows a deed from Joseph V. Brown, of Sault St. Marie, Chippewa county, Michigan, to George Wendell and Theodore Wendell, of Mackinac county, in the State of Michigan, conveying, among other lands, fractional section 17 in township 39, north, range 11, west, containing eighty and one-half acres. That deed was acknowledged before a justice of the peace of Chippewa county, Michigan. The testimony of

the guardian shows that the Theodore Wendell mentioned in that deed is Jacob A. T. Wendell, who was sometimes called Theodore, and the guardian further testifies that Jacob A. T. controlled the lands described in her guardian's deed, in his lifetime, and that she had controlled them since his death. A copy from the records of that deed is introduced in evidence, certified to by a deputy register of deeds. That deed is objected to because it does not describe the meridian or any county or State. The further objection is made that it is not certified to by the register of deeds, but by a deputy, who signs her own name, as deputy.

The general rule is, that the certificate of an officer, when made by a deputy, must be in the name of the officer. By section 609 of the statute of Michigan, which was in evidence, a register of deeds is authorized to appoint a deputy. Section 610 of the same statute is: "In case of a vacancy in the office of the register of deeds, or his absence or inability to perform the duties of his office, said deputy shall perform the duties of register during the continuance of such vacancy or disability." Under that statute, in the case of vacancy or absence or inability of the register the deputy may act. The deputy, though a deputy merely, is made the officer, and a certificate made by such deputy and signed as deputy will be presumed to have been made by reason of a vacancy, or because of absence or inability of the officer. The deputy certifies she is the keeper of the records. The authentication is sufficient.

Whilst the deed does not mention a meridian or a county or State in which the land is located, yet it does appear that the patentee and grantor in that deed was a resident of Chippewa county, Michigan, and the deed was acknowledged in that county. The evidence in the record shows the ancestor of these minors was in control of the lands prior to his death and the guardian had been in control since. These facts, all considered, are

sufficient to apply the deed of Brown to the Wendells, and under which possession was taken, to the land described in the patent and in the guardian's deed tendered appellant.   Any fact or circumstance by which the mind is convinced as to what tract was intended to be conveyed will be resorted to, instead of treating the description a patent ambiguity.   *Pursley* v. *Hayes*, 22 Iowa, 11; *Mecklem* v. *Blake*, 19 Wis. 397; *Russell* v. *Sweezey*, 22 Mich. 235; *Billings* v. *Kankakee Coal Co.* 67 Ill. 489; *Atwater* v. *Schenck*, 9 Wis. 160; *Clark* v. *Powers*, 45 Ill. 283.

· It was not error to admit in evidence the deed from Brown to George W. Wendell and Theodore Wendell as *prima facie* conveying the lands in controversy. . A court of equity will not always compel the specific performance of a contract, and if there is anything that makes it unconscionable for equity to lend its aid, specific performance will not be decreed. (*Dintleman* v. *Gilbert*, 140 Ill. 597.)   Specific performance is not a matter of right, but of sound legal discretion. (*Shaw* v. *Schoonover*, 130 Ill. 448.)   Where there is any doubt about the validity of the title, or its being free from liens or incumbrances, the court will not decree a specific performance.   The title must not be doubtful, its validity resting upon some fact not before the court. (*Close* v. *Stuyvesant*, 132 Ill. 607.)   Neither will a decree be entered to compel performance by the vendee when the title is subject to the exercise of a power in another that may defeat the title sought to be thrust upon the purchaser.

The evidence shows that George Wendell, the brother of Jacob A. T. Wendell, died testate, and by his will in evidence all his real and personal property was devised to Jacob A. T. Wendell.   The date of the death of George is not shown by the evidence, farther than that he. died before Jacob A. T. Wendell, and letter of administration of the estate of George was issued to Anna Marie Wendell on February 12, 1880, and in the letter of administration it is recited that Anna Marie Wendell is the

administratrix of Jacob A. T. Wendell. The death of Jacob A. T. Wendell is proven, but the date is not proven, further than by the recital above. There is no evidence in the record showing that either the estate of George Wendell or the estate of Jacob A. T. Wendell is settled. In *Burns* v. *Berry,* 42 Mich. 176, it is held: "The real estate of the deceased descends to his heirs subject to the payment of his debts, and conveyances made by them before the estate is administered upon, and the claims paid or barred by the Statute of Limitations, are in like manner subject to the debts of the deceased; and as against the debts proved against the estate our registry laws afford no protection. Subsequent purchasers take subject to the right of the administrator to have the same sold for the payment of the debts and the expenses of administration."

It is insisted that the vendee cannot be compelled to specifically perform the contract and take the land until it is made to appear affirmatively that either there are no debts against the estate, or that there is sufficient personal property to. pay whatever debts may exist. There is nothing in the record to show that either estate was indebted, but the evidence rather tends to raise the presumption that there were no debts for the payment of which the land was liable to be charged. Mrs. Wendell was permitted to testify, without objection, that she had managed the land since the death of her husband, and that there were no liens or encumbrances upon it. It also appeared that the circuit court of Mackinac county, on her petition as guardian of the minor heirs, authorized her, as such guardian, to make the sale of the undivided interests of such minors in the land. While a purchaser cannot be compelled to take a doubtful title, he will not be permitted to object to a title on account of a bare possibility that it will prove defective. (1 Sugden on Vendors, 391; 22 Am. & Eng. Ency. of Law, 957; *First A. M. E. S.* v. *Brown,* 147 Mass. 296; *Cambrelling* v. *Purton,* 125 N. Y.

610; *Spring* v. *Sandford,* 7 Paige, 553; *Schermerhorn* v. *Niblo,* 2 Bos. 161; *Hayes* v. *Harmony Grove Cem.* 108 Mass. 400; *Moser* v. *Cochrane,* 107 N. Y. 41.) But the contract in question is silent as to the condition of the title and as to the nature of the deed of conveyance by which it was to be transferred to the vendor. It was made in Michigan and related to Michigan land, and should be construed with reference to the law of that State, which has been held to be that in such a case the vendee will be presumed to have satisfied himself concerning the title. It was said by Judge COOLEY in *Baxter* v. *Aubrey,* 41 Mich. 13, that "if the vendee accepts a contract in which the ownership of the vendor is assumed, and agrees to pay for the land without requiring the vendor to produce evidence of his title, the burden will be upon him to show defects. The presumption will be, in the absence of any showing, that he satisfied himself respecting the title when he made the bargain." See, also, *Allen* v. *Atkinson,* 21 Mich. 352; *Daily* v. *Litchfield,* 10 id. 29; *Dwight* v. *Cutler,* 3 id. 566; *Brown* v. *Bellows,* 4 Pick. 179.

We find no sufficient evidence in the record to justify the vendee in his refusal to perform the contract. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*