GRANT JOHNSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 19, 1902.*

1. CRIMINAL LAW—*a confession is an acknowledgment of guilt.* A confession is a voluntary admission or acknowledgment of guilt, and not merely of facts criminating in their nature.

2. SAME—*when giving of instruction is prejudicial error.* The giving of an instruction for the People that "a free and voluntary confession of guilt is the highest order of evidence" is prejudicial error, where the only statements of the accused upon which such instruction could be based were, at the most, admissions of circumstances criminating in their nature; and the error is not cured by an instruction for the defense that verbal admissions are sometimes the most unreliable of all evidence.

3. SAME—*errors against the People cannot be set off against errors prejudicial to the accused.* If the court has committed prejudicial error against the accused, the fact that other errors were committed in his favor does not relieve a court of review from the necessity of reversing the judgment.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

ANTHONY THORNTON, for plaintiff in error.

H. J. HAMLIN, Attorney General, and J. K. P. GRIDER, State's Attorney, (CLARK & RICHARDSON, and GEORGE B. GILLESPIE, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Shelby county of the crime of assault upon Myrtle Carter with intent to commit rape, and was sentenced to the State reformatory.

At the time of the alleged assault the defendant was a school teacher, eighteen years old, and Myrtle Carter was about seventeen years old, and they both lived in the village of Tower Hill. On that occasion he took her for a ride in his buggy in the evening and drove south from the village about three miles, where he stopped, and they both testified that she then jumped out of the buggy and began screaming and shouting for help. She testified that he told her on the road that he had brought her out for a certain purpose, and attempted to take improper liberties with her without her consent; that when she jumped out there was a struggle and forcible attempt, from which he desisted only when she told him it was her sick time and promised to do as he wished at another time. His testimony was, that she went with him upon an express agreement and understanding that they were to have sexual intercourse; that she made no objection to his advances in the buggy; that when she jumped out and screamed she said it was her sick time, and he asked her why she did not tell him before; that he used no violence, and that they then got back in the buggy and went home. They both testified that they

197—4

sang and talked on different subjects going home. As soon as they got back she swore out a warrant for his arrest. This was the only direct evidence as to the transaction. A witness testified that defendant offered him a bribe to testify falsely that he heard a conversation between the parties in the buggy, and that defendant was awful scared about the affair. Another testified that he told defendant he heard he had a little fight with the girl, and defendant said, in a joking way, "Yes, she kicked and fought like a wild-cat." There was also evidence that defendant offered another witness $25 to testify that the witness had sexual intercourse with the girl, and told another witness that he was going to swear that he had sexual intercourse with her twice that night. The defendant denied these conversations, but they constituted the only evidence to which the following instruction, given at the request of the People, could possibly be applied:

"The court instructs the jury that a free and voluntary confession of guilt is the highest order of evidence."

Relating to the same evidence, the court gave the following instruction at the request of defendant:

"The court instructs the jury that verbal admissions should be received with caution and are sometimes the most unreliable of all evidence, and the jury should carefully consider all the evidence and the circumstances proved in the case in determining the weight to be given to such admissions."

The instructions related to the same identical evidence, and in one his alleged statements were characterized as confessions and the highest order of evidence, and in the other as the most unreliable of all evidence. They were irreconcilable, and the jury were left to take their choice. Regardless of the question whether the instructions would be proper in any case, it was error to give the first one for want of any evidence on which to base it. It was an abstract proposition of law not ap-

plied to the case in any way, and it could not be. While it is not error to give an abstract proposition of law to the jury as an instruction if it will not mislead them, it is not error to refuse one. This one was misleading and of the most hurtful kind. The evidence of defendant's statements tended to prove his guilt, but they could not be distorted into confessions of guilt. A confession is an acknowledgment of guilt. (1 Greenleaf on Evidence, sec. 170.) It is a voluntary admission or declaration by a person of his agency or participation in a crime. It is an acknowledgment of guilt, and not of facts criminating in their nature. (6 Am. & Eng. Ency. of Law,—2d ed.— 521.) The *corpus delicti* cannot be proved by confessions alone, (*Williams* v. *People*, 101 Ill. 382,) but a confession may be sufficient, with independent proof of the crime, to warrant a conviction. (*Gore* v. *People*, 162 Ill. 259.) The error was not cured by telling the jury in the other instruction that the evidence of admissions should be received with caution or that it might be the most unreliable of all evidence. The jury would be as liable to follow one as the other.

Objection is made to an instruction given at the request of the People, to the effect that in case of an assault of this kind it matters not what may have been the previous character of the woman. It is urged that the character of Myrtle Carter was in question, and that the instruction was in conflict with one given at the instance of defendant, by which the jury were permitted to consider the question of her character. There was no evidence tending to prove that she was of bad character, and the court ought not to have submitted that question to the jury. Defendant was allowed to prove that when she was a child twelve years old she lived with her mother in a place of bad repute, but there was nothing whatever against her character for chastity, and the instruction asked by defendant, and given, ought to have been refused. The error was against the People on that

subject. In fact, many errors were committed in favor of defendant, and if we were to set off errors there would be a balance against him. In one instruction the court advised the jury that when the woman testifies to the charge and the man denies it, the woman must be corroborated. In another, the jury were told the law was that consent by a grown woman to familiarities with her person, such as kissing, and the like, and persuasions and requests for sexual intercourse, would deprive the conduct of the defendant of the character of an assault. Another was, that if Myrtle Carter agreed to take the ride with defendant, and there was a mutual design and understanding between them to have sexual intercourse, the jury had a right to conclude that she consented to whatever was done. None of these instructions stated the law. A woman might, from her appearance, conduct and manner of testifying, impress the jury with the absolute truthfulness of her testimony and the defendant show that he was utterly unworthy of belief. Consent to familiarities is not, as matter of law, consent to carnal intercourse, and it is not the law that if defendant and Myrtle Carter left home with a mutual design of the kind mentioned, defendant had a right to assault her and make an attempt by force.

Notwithstanding the errors in favor of defendant, we cannot say that the result must necessarily have been the same if the erroneous instruction, by which alleged statements were treated as confessions of guilt and accorded the highest place in the scale of proof, had not been given. The instruction was of a very prejudicial character, and the error was not remedied by the errors against the People.

The court overruled a motion in arrest of judgment, based on the ground that the indictment was insufficient. The abstract merely shows the word "indictment," without any clue to its contents. The ruling is presumed to be right, and the abstract affords no means of determin-

ing otherwise. That is also true as to the assignment of error that the court erred in allowing the record to be amended. The abstract does not show on what evidence the court acted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*