THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN D. HELM, Defendant-Appellee.

Third District   No. 78-275

Opinion filed March 8, 1979.

Bruce Black, State's Attorney, of Pekin (John X. Breslin and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the State from two orders of the circuit court of Tazewell County, one which granted a motion of the defendant Helm praying for suppression of a confession and the other granting the defendant's motion in limine which requested the suppression of certain statements which in fact were those contained in the confession.

On December 29, 1977, the defendant was charged by an information with the offense of reckless conduct. This charge resulted from an investigation conducted by the sheriff of Tazewell County after he had heard accusations that the defendant, who was employed as a jailer, had made some arrangements for one of the inmates at the jail to hang himself.

On November 18, 1977, the defendant was called to the office of his employer, the sheriff, and the alleged incident was discussed. At the time of this conversation the defendant was not under arrest, not in custody and was free to leave at any time. The defendant testifying in a pretrial hearing stated that he did not feel like he was under arrest while present in the sheriff's office. In the course of the conversation the defendant expressed his sorrow regarding the incident and repeatedly apologized to the sheriff, his employer.

Immediately after the initial conversation between the defendant and the sheriff another conversation ensued between the parties, however, at this time a deputy sheriff was also present. There is testimony of the sheriff in the record that he advised the defendant of the possibility of criminal charges being brought against him as well as charges being filed with the merit commission. The defendant denies that he was informed of possible criminal charges, but that he resigned rather than to defend himself against charges filed with the merit commission. At the conclusion of this second conversation the defendant returned to his home and resigned from his position as jailer in the sheriff's department. It should be noted that the testimony as to the statements made in the two meetings is in some respects conflicting, but there is no conflict over the fact that *Miranda* warnings were never given to the defendant.

The motion to suppress his confession filed by the defendant was predicated upon the failure to give *Miranda* warnings and hence it was not voluntary, but instead obtained by coercive means. The motion in limine filed by the defendant was done so as the result of it being recommended by the trial judge, who was of the opinion that such procedure should be followed since an employer-employee relationship existed between the defendant and the sheriff. As we have previously stated, both the motion to suppress and the motion in limine were granted by the trial judge. After examining both motions we find that they essentially contain the same allegations, to-wit, the confession or statements made by the defendant were involuntary and obtained by coercive means.

Several issues are raised in this appeal and we first direct our attention to the defendant's contention that the appeal should be dismissed because the order appealed from is not one from which the State may appeal.

■■ In support of this contention the defendant asserts that the trial judge stated he did not believe that there was a confession to be suppressed and therefore the order entered was not an order suppressing evidence within the meaning of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)). We quarrel not with this assertion of the defendant for it is abundantly clear that the trial court entertained serious doubts as to whether the statement made by the defendant to his employer constituted a confession. We respect the opinion of the trial court; however, in the final analysis it devolves upon the reviewing court to determine an appeal based upon a review of the entire record of the case in question. (See *People v. Townsel* (1973), 14 Ill. App. 3d 105, 302 N.E.2d 213, *appeal denied* (1973), 54 Ill. 2d 599.) After examining the record we are of the opinion that the statements made by the defendant while being interrogated constitute more than nonincriminating admissions. Nor do we interpret the statements of the defendant to be tacit or implied but on the contrary deem them to be actual statements which considered in their entirety constitute a confession.

The record reflects that the sheriff of Tazewell County, Mr. Donahue, testified as follows:

"Q. Officer [Mr. Donahue] will you relate for the court as best you can what was said by Mr. Helm and what you said yourself.

A. I informed Mr. Helm that an accusation had been made against him and the fact he supposedly had made provisions for one of the inmates to hang himself in the jail area.

Q. Did Mr. Helm deny that accusation?

A. No, he did not.

Q. What further conversations did you have with Mr. Helm?

A. I informed Mr. Helm that I was conducting an investigation into the matter and that I wanted the truth; whether it could be substantiated or not. Mr. Helm replied that he was sorry that it had happened; that he had not intended to cause anybody any harm; that he didn't want to cause me any embarrassment; he didn't want to cause himself any problems nor the department, again he was sorry. He continued to repeat that * * *."

The testimony which we have set forth was never contradicted in the pretrial hearing before the trial court. As we interpret the testimony the defendant was aware of the fact that he was the subject of an accusation to the effect that he had committed a serious and wrongful act. The defendant did not deny the accusation but instead apologized repeatedly and denied that he intended to harm anyone.

A confession is a voluntary admission or declaration by a person of his agency or participation in a crime. It is an acknowledgement of guilt and not of incriminating facts. See *People v. Kircher* (1923), 309 Ill. 500, 141 N.E. 151; *Michaels v. People* (1904), 208 Ill. 603, 70 N.E. 747; *Johnson v. People* (1902), 197 Ill. 48, 64 N.E. 286; and Ill. Ann. Stat., ch. 38, par. 114—10, Committee Comments, at 327-28 (Smith-Hurd 1977).

Applying the criterion which we have set forth to the testimony adduced before the trial court we conclude that the defendant's statements to his employer, Sheriff Donahue, when viewed in their entirety, can only be construed as an acknowledgement of guilt and thereby constitute a confession.

We believe it to be noteworthy that prior to the trial court's suggestion to file a motion in limine the defendant treated his statements as a confession by filing a motion to suppress confession. The trial court's order from which this appeal stems granted defendant's motion to suppress confession as well as his motion in limine.

■■ Having concluded that the trial court's order suppressed statements which constituted a confession, then it follows that the State has the right to appeal from the order pursuant to the provisions of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)).

It is the State's contention that the statements of the defendant which were suppressed and which we conclude comprised a confession were made voluntarily and in a noncustodial setting where *Miranda* safeguards are not required.

■■■ We agree with the State because the defendant was never placed in a coercive custodial situation. After being interrogated the defendant was not arrested but went to his home. It further cannot be ignored that the defendant when testifying admitted that he did not feel that he was under arrest. Police officers are not required to administer *Miranda* warnings to everyone whom they question, or simply because the questioning takes

place in a station house, or because the questioned person is one whom the police suspect, but rather, *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody." (See *Oregon v. Mathiason* (1977), 429 U.S. 492, 50 L. Ed. 2d 714, 97 S. Ct. 711, and *Beckwith v. United States* (1976), 425 U.S. 341, 48 L. Ed. 2d 1, 96 S. Ct. 1612.) The record in the instant case is totally lacking any evidence which would support a finding that the defendant's freedom while being interrogated was in any way restricted. The record is further barren of any evidence that would establish that the defendant was coerced into confessing. There is not a scintilla of evidence that indicates or even intimates that the defendant was subjected to deception, threats or promises.

We cite two Illinois cases as supporting our conclusion that error was not committed by the trial court when *Miranda* warnings were not given to the defendant during the investigation of an alleged crime conducted by his employer. (See *People v. Wenstrom* (1976), 43 Ill. App. 3d 250, 356 N.E.2d 1165, and *People v. Snow* (1976), 39 Ill. App. 3d 887, 350 N.E.2d 875.) A detailed discussion of these two cases would serve no salutary purpose; however, the reviewing court in the case of *Snow* sets forth an extensive discussion concerning situations concerning custodial interrogation and the reasoning in *Snow* was followed in the case of *Wenstrom.*

■ During the course of this appeal the State in its reply brief cited an abstract opinion. The defendant moved to strike that portion of the reply brief on the grounds that an opinion published in abstract form only has no precedental value. The State then filed objections to the defendant's motion to strike. This court took for consideration and determination the motion to strike and objections thereto with the case. Upon examination of the proposed cited case which was published in abstract form only we find that it is concerned with the right of the State to appeal from an incriminating admission. Having concluded in the instant case that the statements of the defendant constituted a confession, we need not concern ourselves with the question as to the right to appeal from the suppression of admissions, and hence the subject matter of the motion and objection thereto taken with this case for determination is as far as this appeal is concerned moot and requires no action by this court.

For the reasons set forth the order of the circuit court of Tazewell County suppressing the statements of the defendant is reversed and this case is remanded for further proceedings.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.