No. 2204.

### J. M. MITCHELL *v.* WILLIAM M. ALLEN.

1. PARTITION.—After seven years acquiescence by parties in interest to a verbal partition of land, fairly made, and under which the parties have held possession in severalty of the parcels allotted, the partition was held valid and conferred title.

2. CONTRACT—VENDOR AND VENDEE.—A contract for the sale of realty can not be avoided by showing that the vendor's title at the date of the contract was not perfect, if before the trial the vendor had secured the title.

3. PAROL EVIDENCE—DEED.—Parol evidence that a witness had been called to witness a sale of land, is admissible, not for the purpose of establishing a sale, but as a circumstance explanatory of the purpose with which a deed was afterwards delivered to the alleged purchaser, the fact that it was delivered in consummation of a purchase being controverted.

4. JUDGMENT—VENDOR'S LIEN.—In rendering judgment for an amount due as purchase money on land it is error to foreclose a vendor's lien on the land and to direct its sale to satisfy it, in the absence of evidence that a vendor's lien was reserved by the terms of sale.

APPEAL from Eastland. Tried below before the Hon. T. B. Wheeler.

*J. T. Hammonds,* for appellant: On his proposition, that an after acquired title by the vendor will not inure to the vendee when the sale was illegal in the first instance; and the vendee should not be required to perfect the vendor's title for him at vendee's cost, cited 56 Texas, 51; 17 Texas, 10, 16; 26 Texas, 353; 27 Texas, 565; Jones v. Taylor, 7 Texas, 240; 25 Texas, 148; Adams's Equity, pages 196, 202.

That when the vendee replies and pleads a failure of consideration and defect of title in the vendor, the vendor should aver good and sufficient title in himself and his ability to convey when seeking specific performance and foreclosure of his lien, cited 3 Texas, 310; 15 Texas, 160; 16 Texas, 46; Sayle's Pleading and Practice, page 58; 35 Texas, 727.

*West & McGown,* for appellee: On their proposition that the depositions were properly admitted to prove the understanding existing between vendor and vendee at the time of the sale, and to contradict the latter's allegations of fraud, cited 1 Posey's Unreported Cases, 178; Abbott's Trial Evidence, 318; 2 Parsons on Contract, section 318.

That the parol partition of the partnership property of J. L. Allen, J. P. Allen and S. H. Allen having been confirmed by the district court of Eastland county was binding upon the heirs of J. L. Allen, unless set aside by a direct proceeding for that purpose, and therefore the guardian *ad litem* of these heirs was properly permitted to disclaim for them any interest in the land thus vested in the other partners, they cited Tadlock v. Eccles, 20 Texas, 782; Sayles & Bassett's Pleading and Practice, section 555.

That the court properly foreclosed the vendor's lien, they cited Slade v. Young, 32 Texas, 670.

MALTBIE, JUDGE. This suit was filed by appellant, J. M. Mitchell, against appellee, W. M. Allen, in the district court of Eastland county, to recover five hundred dollars and interest, alleging that Allen executed two notes to Mitchell for borrowed money, one for two, and the other for three hundred dollars, and that Allen afterwards obtained possession of said notes by fraud, and refused to return or pay them off.

Appellee answered by a general denial and by plea in reconvention, admitting that he had borrowed the money, or part of it, and executed his notes as charged; further alleging that he had sold appellant a tract of land of four hundred acres for one thousand and twenty-five dollars in two payments—that the notes sued on were taken as the first payment on the land, and that appellant agreed to execute his note for the balance but failed to do so. That appellee executed and delivered a deed to the appellant for the land, reciting that appellant had executed his note for five hundred and twenty-five dollars to be a lien on the land, but that said note was not executed at the time of the delivery of the deed, but was to be at some future time, and that appellant refused to execute it. Appellant by supplemental petition denied that he had purchased the land, or accepted a deed therefor; but averred that appellee had offered him a deed; that he declined to receive it at first; that appellee insisted that he should take the deed to his home and keep it until appellee called for it, saying appellant could in the mean time determine whether he would buy the land; he further averred that he never did then or at any time, agree to purchase the land. Appellant also charged that appellee represented that he had a valid title to the land; that he, appellant, was a new comer and was unacquainted with land titles, and relied on appellee's representations; that appellee only had title to an undivided one-fourth interest in the land—that three-fourths was in his brothers and the minor heirs of a deceased brother. Appellant tendered the deed handed him by appellee into court for cancelation and also made and filed a deed properly acknowledged to appellee, releasing all interest that he might have in the land in controversy to appellee, wherefore he prayed that said pretended sale be canceled on account of the frauds practiced on him and for judgment for his debt, etc.

The jury under charge of the court returned a verdict in favor of appellee for six hundred and nineteen dollars and eighty cents, and the court rendered judgment for said sum, fore-

closing the lien on the land described in appellee's plea in recon-
vention as the land sold to appellant. The deed that appellee ·
claimed to have delivered to appellant had been lost before the
trial, and appellee had filed another deed in court to appellant
for the land in lieu of the lost deed, which appellant refused
to receive. There was no evidence that the vendor's lien was
retained in the lost deed. Nor did the court charge the jury
in reference to whether there was a lien on the land. The
verdict was simply for dollars and cents, without ascertain-
ing or foreclosing a lien. The undisputed evidence showed that
the title to eight hundred acres of land, including the land in
controversy, was in appellant and his three brothers in 1874—
that by the deed vesting title, it appeared that each of said
persons owned an undivided one-fourth interest of the land;
that in fact appellee owned one-half of it, he having paid one-
half of the purchase money; that about the year 1875 the
brothers made a verbal partition of the land, the east half
in the partition was allotted to appellee, the west half to the
three brothers. Appellee immediately intered into the posses-
sion of his portion of the land, and the brothers into the pos-
session of their half, and each party respected the partition
from that time, appellee assuming to sell his portion to appellant
in 1882. Some time after the verbal partition one of the brothers
died, leaving a widow and three minor children, the widow af-
terward marrying one Guest, who was a witness in the case.

The partition having been made by parties competent to con-
tract, and the parties having for years acquiesced therein, each
one being in the possession and enjoyment of the property al-
lotted to him, no fraud or inequality in the partition being al-
leged or shown, we are of opinion that it was valid. (Stew-
art v. Baker, 17 Texas, 420; Glasscock v. Hughes, 55 Texas,
473.) After the institution of this suit, the proper parties being
in court, the district court of Eastland county, upon the plead-
ings and proof before it, ratified and confirmed the verbal parti-
tion of said eight hundred acres of land; and at the time of this
trial appellee's title was complete. We think that if the title
was not perfect in appellee at the date of the alleged sale, that
he had the right to perfect it, at his own expense, at any time
before trial; the only defect being, at the date of sale, that the
title to some extent existed in parol. Appellant saved a bill of
exceptions to the introduction of the evidence of the witness,
Guest, in reference to being called upon to witness the sale of

the land in question, by appellee and appellant, prior to the time when appellee claims to have delivered a deed to the land to appellant in pursuance of said verbal sale. We do not understand the evidence to have been offered to prove a verbal sale of land, but as an inducement to, and explanatory of the subsequent execution and alleged delivery of the deed to the appellant, and also for the ose of disproving appellant's denial that there was a sale e land, and that he received the deed from appellee in puce thereof. For this purpose the evidence was clearly admissible. There is no material error in any ruling of the court, and the verdict is not without evidence to support it. But judgment is rendered foreclosing the vendor's lien on the land described in appellee's plea in reconvention, and it being a disputed fact whether appellant had received a deed to the land, and the deed that he is alleged to have received being lost, there was nothing in the record to authorize a judgment foreclosing a lien on the land in controversy. (McConkey v. Henderson, 24 Texas, 214.) We are requested by appellee that in the event we should decide that there was error in the judgment of the court in foreclosing lien, to reverse and render judgment in favor of appellee for the debt, but in view of the complications in reference to the title, we think were we to do so and execution were levied, the land would not likely sell for a fair price, and for that reason we report that the case should be reversed and remanded, so that if appellee should obtain a judgment on another trial the lien may be properly foreclosed and undisputed title pass in the event of a sale.

*Reversed and remanded.*

Opinion adopted November 8, 1887.