J. M. TALIAFERO v. ADISON CARTER ET AL.

No. 2833.

**Suit by Publication—Statute Construed.**—In a suit by publication against un-known heirs the plaintiff can not on appeal procure a reversal of the judgment on the sole ground that no statement of the evidence was approved and signed by the trial judge and filed with the papers of the cause as a part of the record, as required by article 1345, Revised Statutes.

ERROR from Titus.    Tried below before Hon. Felix J. McCord.
The opinion states the case.

*J. B. Stringer,* for plaintiff in error.—No judgment can under the law be rendered in any case where service of process has been made by publication, and no answer has been filed within the time prescribed by law, unless a statement of the evidence, approved and signed by the judge trying said cause, shall be filed with the papers of the cause as part of the record thereof.    Rev. Stats., art. 1345; Byrnes v. Sampson, *supra,* 79; 2 Ct. App. C. C., sec. 300.

*Snodgrass & Snodgrass* and *L. P. Saunders,* for defendant.—Article 1345 of the Revised Statutes of Texas was enacted for the protection of persons who are sued by publication; and an omission to file with the papers of a cause a statement of the evidence, approved and signed by the judge, when a judgment is rendered in a suit in which service of process is by publication, is not reversible error if the appellant was plaintiff in the court below, or service of process was not had upon him by publication.

2.    An error committed in the court below that is not damaging to the rights of appellant is not reversible error on appeal.    San Antonio Street Ry. v. Helm, 64 Texas, 147; Albright v. Corley, 40 Texas, 105; Carter v. Eames, 44 Texas, 544; Guerin v. Patterson, 55 Texas, 124; Hurt v. Cooper, 63 Texas, 362; Norvell v. Phillips, 46 Texas, 161; 1 Ct. App. C. C., secs. 413, 667.

STAYTON, CHIEF JUSTICE.—Appellant brought this action of trespass to try title against Adison Carter and the unknown heirs of John Binion.

Carter answered, and the unknown heirs of Binion were cited by publication and represented by an attorney appointed by the court, they not appearing.

A judgment was rendered in favor of appellant for one sixth of the land sued for, and he now prosecutes a writ of error and seeks a reversal on the sole ground that there was no statement of the evidence, approved, signed by the judge, and filed with the papers of the cause as a part of the record, as is required by article 1345, Revised Statutes.

That provision of the statute was enacted for the protection of defendants cited by publication, and while it has been held that the failure to file such a statement would be ground for reversal when asked by one injured thereby, we are not prepared to reverse a judgment on that ground alone when we are asked to do so by one whose duty it was to see that the statement was filed.

The judgment of the court below will be affirmed, but without prejudice to the rights of the unknown heirs of John Binion hereafter to question its validity as to them in any manner permitted by law.

It is so ordered.

*Affirmed.*

Delivered October 29, 1889.