NANCY J. COWAN v. HOLT BRETT ET AL.

Decided October 10, 1906.

**1.—Judgment—Fraud—Special Verdict.**

A finding that the court was led to render a decree of partition by representations that certain part owners had no interest in the land was sufficient to establish the procurement of such decree by fraud.

**2.—Judgment—Minors—Service by Publication.**

Minors cited by publication, not appearing except by attorney appointed by the court, where no statement of facts was filed as required by statute, and they can show a good defense, are entitled to have the judgment·set aside without relying on fraud in its procurement.

**3.—Requested Charge.**

Failure to instruct on a point is ground for reversal where request was made for a charge covering that question only, not where other propositions, some of them not correct, were embraced in the requested instruction.

**4.—Advancement—Deed of Gift.**

A deed to a child in consideration of love and affection is not necessarily to be taken as an advancement, and one upon valuable consideration could not be so taken.

**5.—Married Woman—Partition.**

A married woman may make verbal partition of her real estate, and her deed, though not acknowledged, may be effective therefor.

**6.—New Trial—Juror Kin to Attorney.**

The fact that one of the jury was kin to appellee's attorney and the latter interested in the controversy by a contingent fee, was not ground for new trial unless such contingent interest was shown to be unknown both to the appellant and her attorney when they accepted such juror with knowledge of his kinship to the attorney.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H.· Denton.

*Richard B. Semple,* for appellant.—When a judgment is rendered against a minor, regular on its face in all respects, he can.· after his majority, have it set aside only by showing that fraud or collusion was used in procuring its rendition or that he had a good defense which was not presented at a 'former trial. Johnson v. Johnson, 12 Texas Ct. Rep., 416; Cannon v. Hemphill, 7 Texas, 201; Garcia·v. Illg, 14 Texas Civ. App., 485; Walker v. Renfro, 26 Texas, 144; Grigsby ·v. Peak, 68 Texas, 240; Wright v. Bearrow, 13 Texas Civ. App., 151.

Where a mother·owning land jointly with a child conveys to said child her interest in said property without a valuable consideration, and the evidence fails to disclose the purpose of the mother in making said conveyance, the law presumes such conveyance to be a gift from the mother to the child by way of advancement. Lott v. Kaiser, 61 Texas, 665; Williams v. Emberson, 22 Texas Civ. App., 527.

The court erred in charging the jury that if the conveyance by Nancy Price to Carrie Brett was a gift by Nancy Price to Carrie Brett and intended by her to be in full of, or in lieu of what Carrie Brett might inherit from Nancy Price at her death ·as an heir to the land (other than said 86 acres), then such consideration would be an advancement, but if the real consideration was a release of Carrie Brett's interest in other lands as stated in the deed, then it would not be an advancement. Williams v. Emberson, 22 Texas Civ. App., 527; Cross v. Evarts, 28 Texas, 525; Cazassa v. Cazassa, 36 Am. St. Rep., 112; Lynch v. Ortlieb, 70 Texas, 730; Tiedman on Sales, sec. 11; Hale v. Hollon, 90 Texas, 427; Jenkins v. Adcock, 5 Texas Civ. App., 466.

In a suit for land where the son-in-law of one of the jurors is a party

in interest and is to receive a part of the land sued for, if recovered, his father-in-law is under the statute disqualified from serving as a juror to try said cause. Texas & Pac. Ry. v. Elliott, .22 Texas Civ. App., 31; Houston & T. C. Ry. v. Terrell, 69 Texas, 650; Schultze v. McLeary, 73 Texas, 92.

*McGrady & McMahon,* for appellees.—The facts showing that plaintiffs had a good defense to the former suit, they being minors, cited by publication and not appearing and there being no innocent purchaser, they were entitled to have the former decree set aside. Rev. Stats., arts. 1375-1376; Snow v. Hawpe, 22 Texas, 168; Wallis v. Stuart, 92 Texas, 568; Crouch v. Crouch, 70 S. W. Rep., 595.

The jury having found that the plaintiffs in the former suit falsely represented the facts to the court and thereby induced the court to enter a decree depriving the minors of their property which the court would not have done but for such false representations, is conclusive fraud in law, and entitles the minors to have such decree set aside, no innocent rights having intervened. Mitchell v. Zimmerman, 4 Texas, 75; Mussina v. Moore, 13 Texas, 7; Gross v. McClaran, 8 Texas, 341; Cundiff v. Teague, 46 Texas, 475.

The minors being nonresidents, cited by publication and not appearing, it was duty of plaintiffs in that suit to have made and filed a statement of the testimony, and having failed, entitles the minors to a new trial, as they have no right of appeal, at least in absence of a showing that their rights were made known to the court. Rev. Stats., art. 1346; Perry v. Warner, 40 S. W. Rep., 170; Taliaferro v. Carter, 74 Texas, 637; Thomas v. Jones, 41 Texas, 265; Byrnes v. Sampson, 74 Texas, 79; Yturri v. McLeod, 26 Texas, 84.

Alexander, the juror, did not know that Meade had a contingent interest in the case. Appellant willingly accepted the juror knowing of the relationship, and, so far as this court knows, also knew of Meade's contingent interest. Meade was not a party to the suit. therefore if Alexander was related to him it would not disqualify him. Patton v. Collier, 90 Texas, 115; Winston v. Masterson, 87 Texas, 200. The failure of appellant to make the record show what the full facts were, as disclosed on motion for new trial, precludes this court from considering the question. De Garcia v. San Antonio & A. P. Ry., 77 S. W. Rep., 275; Graves v. George, 54 S. W. Rep., 262; Bailey v. Trammell, 27 Texas, 317; McDowell v. Fowler, 80 Texas, 587; Lester v. State, 2 Texas Crim. App., 446.

KEY, ASSOCIATE JUSTICE.—Holt and Frank Brett brought this suit to set aside a former judgment upon the grounds (1) of fraud in procuring it; (2) a meritorious defense which was not presented; and (3) failure to file statement of testimony in the former suit, as required by statute, the defendants being served by publication. It was also alleged that the plaintiffs in this suit, who were defendants in the former suit, were minors at the time the former judgment was rendered. It was asked that the former judgment be set aside and a decree of partition entered dividing the lands referred to.

The case was sumbitted to a jury upon special issues, the answers to

which, together with certain findings of fact by the trial judge, were made the basis of a decree setting aside the former judgment and decrees, and awarding to the plaintiffs a 5-6 undivided interest in one of the tracts of land, and a 3-24 interest in the other tract. Mrs. Nancy J. Cowan, one of the defendants, has appealed. It was held that she had no interest in the first tract of land, but the judgment awards to her 14-24 of the other tract.

The first assignment of error complains of the action of the court in refusing to render judgment for Mrs. Cowan upon her motion to that effect, for the alleged reason that the jury found that there was no fraud or collusion in the procurement of the former judgment. The first issue submitted to the jury was whether or not the judgment referred to was procured by fraud or collusion on the part of the plaintiffs in that suit. The jury answered: "As to the court there was no fraud, but N. J. Cowan and others did make false statements in their pleadings." But in response to the nineteenth and twentieth issues submitted the jury answered that the plaintiffs in the former suit represented to the court that N. J. Cowan owned one-half of the 86 acres in controversy, for the purpose of depriving Holt Brett and Frank Brett of their interest in said 86 acres, and that Ed. Price as agent, so represented, and that the representations referred to caused the court to enter a decree which would not have been entered but for such representations. The uncontroverted testimony shows that at the time referred to Holt and Frank Brett owned 5-6 of the 86 acre tract of land. Therefore the representations which the jury found were made to the court on the former trial were false, and as they resulted in misleading the court and causing it to enter a decree depriving the Bretts of their interest in the land, such representations constituted a fraud. Hence we hold that the record does not sustain appellant's contention that the jury found that the former judgment was not procured by fraud. Furthermore, the plaintiffs in this suit, being minors at the time the judgment referred to was rendered, and having been served by publication, and not having answered except by an attorney appointed by the court, and no statement of facts having been filed as required by statute, and it being shown that they had a good defense to the former suit, it would seem that they are entitled to have the former judgment set aside regardless of the question of fraud. (Rev. Stats., arts. 1346, 1375, 1376; Snow v. Hawpe, 22 Texas, 168; Wallis v. Stuart, 92 Texas, 568; Thomas v. Jones, 41 Texas, 265; Taliafero v. Carter, 74 Texas, 637.)

The second assignment complained because the court did not instruct the jury that if the consideration of a certain deed from Nancy Price to Carrie Brett was love and affection said conveyance would be a gift, and treated as an advancement, Carrie Brett being a child of Nancy Price. Appellant's brief does not show that any such instruction was requested. The record contains a special instruction covering that and several other propositions, which instruction was properly refused for reasons not relating to the question under consideration. To have presented the question referred to properly, appellant should have asked an instruction covering that question only. However, if such instruction had been asked, we are not prepared to hold that it should

have been given. We do not concede the proposition that whenever a deed from parent to child is made upon consideration of love and affection, it necessarily follows as a matter of law that the property conveyed must be treated as an advancement under the statute. In our opinion the court properly instructed the jury as to what would constitute an advancement, and we overrule the fifth assignment of error which complains of the court's charge upon that subject.

The deeds referred to under the fourth assignment were not void. A married woman can make a verbal partition of her real estate; and her deed, though not acknowledged, may be effective for the purpose of accomplishing a partition.

There are some other questions presented, all of which have been considered and none of which it is deemed necessary to discuss in this opinion, except the one raised by the seventh assignment, which asserts that the trial court should have granted a new trial because it was shown that one of the jurors was related to one of the attorneys representing the plaintiffs. The record shows that the foreman of the jury was the father-in-law of Jno. C. Meade, one of the attorneys who represented the plaintiffs; that Meade and his partner, plaintiffs' other attorney, had a contract with the plaintiffs by which they were to have a portion of the property recovered. It was also shown that appellant's attorney knew of the relationship referred to when the juror was accepted, but did not know that appellees' attorney had a contingent interest in the case; that appellant had exhausted her peremptory challenges, and if her attorney had known of the contract between appellees and their attorneys, he would have objected to the foreman sitting on the jury. However, it was not shown that appellant herself did not know of the existence and purport of the contract referred to. The record shows that she was present and testified in the case; and, for aught that is disclosed, she may have known at the beginning of the trial that the juror was related to one of appellees' attorneys, and of the existence of the contract by which that attorney would be entitled to a portion of the land recovered. Hence we hold that sufficient diligence was not shown to entitle appellant to have the judgment set aside on account of the matters referred to.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.