## EASTERLING et al. v. SIMMONS et al.[*] (No. 476.)

Court of Civil Appeals of Texas. Waco. March 3, 1927.

Rehearing Denied April 14, 1927.

1. Deeds ⬅︎38(1)—Failure to name county and state in description is not fatal, where grantor has property in county of residence, acknowledgment, or filing to which description is reasonably applicable.

Failure of deed to state town, county, or state where property is situated will not render instrument void, where county may be inferred from grantor's residence, place of acknowledgment, and place of recording of instrument, provided grantor has property in such county or one of such counties to which description given in instrument is reasonably applicable.

2. Deeds ⬅︎38(1)—Deed omitting county and state in description was nevertheless valid, where tract named and boundaries designated corresponded with grantor's property in county where deed was acknowledged and recorded.

Deed to part of "R. B. Longbotham's survey" held valid and competent in suit involving question of title to land, notwithstanding names of county and state were not stated in description, where tract of land described could be identified as situated in county where deed was acknowledged and recorded, and where boundaries described corresponded with those of land in question.

3. Deeds ⬅︎38(1)—Where land could be identified from description, erroneous recital as to acreage held immaterial.

Where description of deed was sufficient to identify land intended to be conveyed, construed in light of surrounding circumstances, erroneous recital that tract contained 26 acres, where in fact it contained only 13 acres, did not invalidate conveyance.

4. Deeds ⬅︎42—That field notes of deed do not close does not affect deed, where course "west" of call from southwest to southeast corners was clearly intended to be "east."

Fact that field notes as given in deed did not close held not to render deed invalid, where error consisted in naming direction as "west" instead of east, intention of parties being apparent on face of deed, since call was to begin at southwest corner and run to southeast corner of tract.

5. Deeds ⬅︎42—Intention, apparent on face of deed, should be given effect to correct erroneous recitals.

Where intention of parties is apparent on face of deed and easily ascertainable without resort to extrinsic evidence, such intention should be given effect to correct erroneous recitals.

6. Evidence ⬅︎460(4)—Resort to parol evidence is permissible and necessary to complete identification of land, though fully described in deed.

Though description of land contained in deed is full and precise, identification is required to be completed by parol evidence, which is admissible for that purpose; purpose of description being merely to identify subject-matter of grant.

7. Deeds ⬅︎38(3)—Deed describing property by metes and bounds, giving location with reference to railroad, and naming tract, held valid, where identification was completed by extrinsic evidence.

Deed describing property conveyed as part of tract set aside to "John Longbotham's heirs," locating property west of railroad and giving boundaries by metes and bounds, held effective to convey interest in real estate, where description given was completed by extrinsic evidence determining question of location.

8. Deeds ⬅︎38(1)—Description enabling person familiar with locality to identify premises intended to be conveyed with reasonable certainty is sufficient.

If there appears in deed enough to enable person familiar with locality to identify premises intended to be conveyed with reasonable certainty, description will be held sufficient.

9. Partition ⬅︎85—Cotenant, having undivided interest, who fenced off and used portion of land, became equitably entitled to inclosed part on partition.

Where person having undivided interest in property fenced off equivalent part thereof and began use and enjoyment of inclosed part, he became equitably entitled to have that identical part set aside to him in satisfaction of his interest on partition.

10. Partition ⬅︎5—After one tenant had inclosed portion of premises, court could find voluntary partition binding heirs, though other tenant was minor, where she assented and sold remaining portion; division being fair and acquiesced in over long period.

After tenant in common, having major undivided interest, inclosed equivalent part of land, taking possession thereof with acquiescence of other tenant, land being of like quality and value, court could find parol partition binding heir of tenant having lesser interest, though such tenant was minor, where her father and husband assented and she sold remaining portion; partition being fair and acquiesced in over long period.

11. Frauds, statute of ⬅︎68—Parol partition of land between tenants in common does not contravene statute.

Parol partition of tract of land, voluntarily made by tenancy in common, is valid, and not in contravention of statute.

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused June 4, 1927.

**12. Partition ⬦⟿5—Partition between tenants in common, where of ancient date, parties being dead, may be shown by circumstances and acts of parties.**

Agreement between tenants in common for partition may be shown by circumstances and inferences from parties' acts and acquiescence, where transaction is of ancient date and parties thereto are dead.

**13. Tenancy in common ⬦⟿15(7, 8)—Where one tenant in common goes into possession, inclosing portion, statute of limitations runs against other tenant from time of notice of adverse claim.**

Where one of two tenants in common goes into possession of portion of property, statute of limitations begins to run against other tenant from time he knows of assertion of adverse claim.

**14. Limitation of actions ⬦⟿78—Where statute would have run against minor tenant in common on account of other tenant's adverse possession, but for minority, statute on death of minor tenant began to run against her child (Rev. St. 1925, art. 5544).**

Where tenant, against whom statute of limitations would have run on account of adverse possession by other tenant in common, died during minority, statute of limitations began to run against her child after her death, notwithstanding child's minority, under Rev. St. 1925, art. 5544, providing period of limitation shall not be extended by connecting one disability with another.

**15. Appeal and error ⬦⟿931(3)—Under general finding, every issuable fact, supported by evidence, is considered found for prevailing party.**

Where finding of court in favor of one of parties is general, every issuable fact must be considered to have been found in party's favor, if there is any evidence to support such finding.

**16. Appeal and error ⬦⟿989—Only favorable evidence is considered in determining whether implied findings are sustained.**

In passing on sufficiency of evidence to sustain implied findings, evidence must be considered in light most favorable thereto, rejecting evidence supporting opposite contention.

**17. Partition ⬦⟿4—Evidence held to sustain finding of voluntary partition, fairly entered into and continuously acquiesced in, in suit by heir to recover undivided interest.**

In suit by heir to recover undivided interest in property, evidence *held* to support finding of voluntary partition entered into by ancestor, and that it was fair and had been acquiesced in continuously to date of suit.

**18. Tenancy in common ⬦⟿15(10)—Evidence held to sustain finding that claim of heir of minor tenant in common of property was barred by other tenant's adverse possession (Rev. St. 1925, art. 5544).**

In suit to recover title and possession to undivided interest in property, evidence *held* to support finding, under Rev. St. 1925, art. 5544, that tenant in common with plaintiff's ancestor had taken adverse possession of part of premises of which plaintiff's ancestor, who was minor, had notice, and that statute of limitations had run against plaintiff's claim.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Suit by Jessie Easterling and others against Roy Simmons and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

White & White, of Mexia, and Holland, Bartlett, Thornton & Chilton, of Dallas, for appellants.

Bryant & Goar, of Wortham, Williford & Geppert, of Fairfield, Vinson, Elkins, Sweeton & Weems, John C. Townes, Jr., and R. E. Seagler, all of Houston, Thompson, Knight, Baker & Harris, of Dallas, and Wm. J. Rieker and Burney Braly, both of Fort Worth, for appellees.

GALLAGHER, C. J. This suit was instituted by Jessie Easterling and others, appellants herein, against Roy Simmons and N. H. Lindley, appellees herein, to recover title and possession of an undivided one-sixth interest in a 13-acre tract of land out of the Robert B. Longbotham league in Freestone county, Tex. Four certain oil companies alleged to hold leases on certain parts of said 13-acre tract were also made parties defendants. Cancellation of said leases and an accounting for oil taken thereunder was the relief sought against them. The parties will be designated as in the trial court.

Plaintiffs claimed as heirs of Mrs. Rosa Bounds Easterling, deceased. They introduced in evidence a grant from Coahuila and Texas to Robert B. Longbotham, dated July 24, 1835, for a league of land surveyed in two tracts, one containing 4 labors and the other 21 labors; an order of the probate court of Freestone county, Tex., dated July 17, 1884, appointing commissioners to partition the estate of R. B. Longbotham, deceased; the report of the commissioners of partition so appointed, and a decree of said court setting aside to the heirs of John Longbotham, among other lands, a tract of 13 acres, designated as a part of lot 9 and described as beginning at the northwest corner of lot No. 4 as shown by a plat of said partition attached thereto; thence south 712 varas to a stake on south line of league; thence east 81½ varas to a 13-acre lot numbered 8; thence north 3 east 714 varas to stake in south line of lot No. 5; thence 119½ varas to the beginning. Plaintiffs then introduced evidence that the said John Longbotham, deceased, was a son of Robert B. Longbotham, the original grantee of said league; that he left surviving him six children, one of whom was Hannah Longbotham; that she married G. W. Bounds; that she died in 1878 and left surviving one child named Rosa Bounds; that Rosa Bounds

married S. H. Easterling and died in 1897, leaving one child, Roy Easterling; that said Roy Easterling died July 24, 1921, leaving plaintiffs as his only heirs at law.

Defendants introduced in evidence a partition deed between R. B. Longbotham and the heirs of his first wife, then deceased, dated November 18, 1873, in which said heirs released to said R. B. Longbotham, among other lands, 821 acres off of the south part of said second tract of said original league. This deed recites that said land lies principally in Freestone county, and said 821-acre tract is the same tract partitioned by the probate court of Freestone county as shown by plaintiffs' evidence. Defendants then, over the objection of plaintiffs, introduced in evidence a deed from S. H. Easterling and wife, Rosa Easterling, to J. M. Murphy, purporting to convey 2⅙ acres out of the R. B. Longbotham survey, and designating as a beginning point the southeast corner of John Longbotham's heirs' tract in the south boundary line of said survey. The sufficiency of the description contained in said deed of the land thereby conveyed, and consequently its admissibility as a link in defendants' chain of title, is the principal issue in this case and will be hereinafter discussed. Defendants introduced a regular chain of title covering said 2⅙-acre tract from said Murphy to the defendant N. H. Lindley. They also introduced a regular chain of title covering the north 10⅚ acres of said 13-acre tract from the other heirs of John Longbotham, deceased, to the defendant Roy Simmons. They also introduced evidence showing that prior to said deed from Easterling and wife to Murphy, the owners of the other five-sixths interest in said 13-acre tract had fenced all of the same except the 2⅙ acres off the south end thereof, which said Easterling and wife purported to convey to said Murphy. They also introduced evidence showing that shortly after said Murphy received said deed he, or his subsequent vendees, took possession of said 2⅙ acres off of the south end of said 13-acre tract and have held possession thereof continuously since said time, and that their title thereto and right to the possession thereof has never been questioned by the owners of the 10⅚ acres off the north end of said tract.

There was a trial before the court, and a general judgment that plaintiffs take nothing against any of the defendants and that said defendants go thence without day and recover their costs. Said judgment is here presented for review.

## Opinion.

Plaintiffs present as ground for reversal the action of the court in admitting in evidence over their objection said deed from Easterling and wife to Murphy. Said deed, so far as its terms are material to a consideration of the objections urged thereto, is as follows:

"The State of Texas, County of Freestone:

"Know all men by these presents: That we, Sam H. Easterling and Rosa Easterling, his wife, of the county of Navarro, state of Texas, * * * have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said J. M. Murphy, of the county of Navarro and state of Texas, all that certain lot, tract or parcel described as follows:

"A part of R. B. Longbotham survey; beginning at a stake in the S. B. line of said survey at the southwest corner of the John Longbotham heirs 26 acre tract; thence west with the S. B. line of said survey 81½ vrs. a stake at the southeast corner of the 26 acre tract; thence north 3 east 142 vrs. a stake; thence west 90 vrs. a stake in the W. line of the 26 acre tract; thence south 142 vrs. to the place of beginning, containing 2⅙ acres of land on the W. side of the H. & T. C. R. road. * * *

"Witness our hands this the 7th day of November, A. D. 1896.     Sam Easterling.
"Rosa Easterling."

Said deed recited a consideration paid part in cash and part by note, and retained the vendor's lien until said note was fully paid. It was acknowledged before J. H. Love, a justice of the peace and ex officio notary public in and for Freestone county, Tex., on the day of its date, and thereafter on the 15th day of December, 1900, filed for record with the clerk of the county court of Freestone county, Tex. The substance of plaintiffs' objections to the introduction of said deed was that it did not state the name of the state or county in which the land purported to be conveyed was located; that the field notes therein called for the corner of a 26-acre tract as the beginning point and no such tract had been located, and that the description contained therein was not sufficient to identify any land.

[1, 2] The rule is general both in this state and elsewhere that where a deed or written instrument furnishes other sufficient means of identifying the property conveyed, the failure to state the town, county, or state where the same is situated will not render such instrument void or inoperative. The county in which the land so described is situated may be inferred from the residence of the grantor, the place of the acknowledgment, and the place of the filing and recording of the instrument, where the grantor has property in such county to which the description given in the instrument is reasonably applicable. Miller v. Hodges (Tex. Com. App.) 260 S. W. 168, 170; Bond v. Garrison, 59 Tex. Civ. App. 620, 127 S. W. 839, 842 (writ refused); Petty v. Wilkins (Tex. Civ. App.) 190 S. W. 531, 533, 534 (writ refused); Langham v. Gray (Tex. Civ. App.) 227 S. W. 741, 744, 745; Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174; Flegel v Dowling, 54 Or. 40, 102 P. 178, 179, 180, 135 Am. St. Rep.

812, 19 Ann. Cas. 1159; Garden City Sand Co. v. Miller, 157 Ill. 225, 41 N. E. 753, 755; Bryan v. Scholl, 109 Ind. 367, 10 N. E. 107, 109; 8 R. C. L. p. 1077, § 133. The caption of the deed in question was, "The State of Texas, County of Freestone." It was acknowledged for record before a justice of the peace of Freestone county, acting in his capacity as ex officio notary public. It was filed for record in said county presumptively by the grantee therein. The evidence before the court at the time said deed was offered showed that there was such a survey in said county; that there was at the time of the execution and delivery of said deed a tract of land out of the same which had been set aside to the heirs of John Longbotham; that said tract was bounded on the south by the south boundary line of said survey; that it was 81½ varas wide; that its west boundary line ran north and south and its east boundary line north 3 degrees east. In all these particulars the description in said deed is applicable to the land in controversy. While it is true that said deed recited that both grantors and grantee resided in Navarro county at that time, we think there is some significance in the fact that the grantors went to Freestone county to execute and acknowledge the same. We think the trial court, hearing the case without a jury, was justified in inferring from the evidence before him at that time that the land intended to be described in said deed was situated in Freestone county, and in admitting the same in evidence for consideration together with all the other facts and circumstances in evidence tending to identify the land described therein.

[3-5] We do not attach any importance to the fact that the tract of land set aside to the heirs of John Longbotham contained only 13 acres and not 26 acres as erroneously recited in said deed. Under the establishd rules of construction, said erroneous recital should be rejected as surplusage if there remains a sufficient description to identify the land intended to be conveyed, construed in the light of surrounding circumstances. Arambula v. Sullivan, 80 Tex. 615, 619, 622, 16 S. W. 436; Cartwright v. Trueblood, 90 Tex. 535, 537, 538, 39 S. W. 930; Smith v. Chatham, 14 Tex. 322, 328; Standefer v. Miller (Tex. Civ App.) 182 S. W. 1149, 1151, 1152. While not embodied in the objections urged to the admission of said deed at the time it was offered, plaintiffs in their brief contend that the field notes in said deed do not close, and that for this additional reason said deed was void and the court erred in admitting same in evidence. If we ignore everything contained in the description of the land conveyed by said deed except course and distance, the field notes therein do not close. We think, however, that there is a palpable error in the course given in the first call.

Said call is as follows: "Beginning at a stake in the S. B. line of said survey at the southwest corner of the John Longbotham heirs 26 acre tract; thence west with the S. B. line of said survey 81½ vrs. a stake at the southeast corner of the 26 acre tract." Since the call is to begin at the southwest corner and run to the southeast corner of the tract in question, it is clear that the course intended to be called for was east, and not west, as erroneously recited. The intention of the parties being apparent on the face of the deed and easily ascertainable without resort to extrinsic evidence, such intention should be given effect. Coffey v. Hendricks, 66 Tex. 676, 678, 2 S. W. 47; Carlisle & Co. v. King, 103 Tex. 620, 623, 626, 133 S. W. 241; Poitevent v. Scarborough, 103 Tex. 111, 113, 114, 124 S. W. 87; Mansel v. Castles, 93 Tex. 414, 415, 416, 55 S. W. 559.

[6-8] The sole purpose of a description of land as contained in a deed of conveyance is to identify the subject-matter of the grant. 8 R. C. L. p. 1074, § 129. However full and precise such description may be, to identify the land on the ground resort must be had to personal knowledge or extrinsic evidence. Douthit v. Robinson, 55 Tex. 69, 73, 74. The rule generally adopted for determining the sufficiency of the description contained in a deed is that if there appears therein enough to enable a party familiar with the locality to identify the premises intended to be conveyed with reasonable certainty, to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that by applying it to the land it can be found and identified. Myers v. Maverick (Tex. Civ. App.) 27 S. W. 950, 951, 952; Battle v. Wolfe (Tex. Civ. App.) 283 S. W. 1073, 1078. When such is the case, identification may be completed by parol evidence. Miller v. Hodges, supra, page 170. We have already referred to the fact that with the correction of the palpable error as to course in the first call, the deed under consideration accurately describes a tract off of the south end of the 13-acre tract set aside to the heirs of John Longbotham in partition of the R. B. Longbotham estate. The deed locates this tract of land west of the Houston & Texas Central Railroad. The plat in evidence shows that said 13-acre tract is so located. A practical surveyor testified, in substance, that he was familiar with the 13-acre tract and had recently surveyed and mapped the same, and that the deed under consideration correctly describes 2⅛ acres off of the south end thereof. Plaintiffs, in an effort to create some uncertainty or ambiguity, introduced evidence showing that grants of land located in other counties had been made to R. B. Longbotham, and also that other grants or parts of grants made to him were located in Freestone county. There was, however, no attempt to show that any of

said grants in Freestone county or elsewhere were west of and adjacent to said railroad, nor that the description contained in the deed under consideration could be applied to any part of the same. We do not think the court erred in admitting the deed in evidence, nor in holding that it was effective to convey whatever interest the grantors had in the land therein described.

Plaintiffs contend that the court erred in denying them a recovery of an undivided one-sixth interest in and to the 10⅚ acres off the north part of said 13-acre tract. They base this contention upon the theory that the deed under consideration, if effective to convey any interest in said 2⅙-acre tract, conveyed only Mrs. Easterling's undivided one-sixth interest therein, and did not divest her of her undivided one-sixth interest in and to said 10⅚-acre tract. Defendants seek to sustain the judgment in this respect on the ground that there was a parol partition of said 13-acre tract between Mrs. Easterling and the other owner or owners thereof, and on the further ground that plaintiffs are barred from asserting a claim to any interest in said 10⅚-acre tract by the several statutes of limitation.

Said 13-acre tract was set aside to the heirs of John Longbotham in 1884. There were six of said heirs, one of whom was Rosa Bounds. The interest of all the other heirs in said tract except Rosa Bounds was acquired by Jasper Stedman in 1885 or 1886. He immediately inclosed 10⅚ acres off of the north end of said tract with a fence, and he and his vendees have held continuous possession thereof, using and enjoying the same, since said date. All the land in said 13-acre tract was of like quality and value, and the 2⅙ acres off of the south end of said tract left uninclosed was one-sixth of the whole both in quantity and value. G. W. Bounds, father of Mrs. Easterling, testified that when she married in 1896 he turned this 2⅙ acres of land over to her and told her that it was her part of the 13-acre tract that she had inherited from her grandfather, and that she and her husband were satisfied with it and shortly thereafter sold it to said Murphy. Murphy testified that when he bought said 2⅙ acres she said it was her interest in said tract of land. G. W. Bounds also testified that when Stedman acquired said 13-acre tract and cut off said 2⅙ acres at the south end, he fenced the remainder for himself.

[9, 10] When Stedman fenced the 10⅚ acres and began the use and enjoyment of the same he became equitably entitled to have that identical part of the tract set aside to him in satisfaction of his interest therein whenever a partition between him and the minor, Rosa Bounds, was had. Osborn v. Osborn, 62 Tex. 495, 497; Robinson v. McDonald, 11 Tex. 385, 390, 62 Am. Dec. 480. Such action indicated a purpose on his part to take

and appropriate that identical land in satisfaction of his interest in the whole tract, and to leave the uninclosed part to be appropriated by Rosa Bounds, who owned the remaining interest therein. G. W. Bounds seems to have so understood the situation and to have so explained the same to his daughter when he says he turned said 2⅙-acre tract over to her. She, according to his testimony, was satisfied, and, joined by her husband, she sold said specific tract to Murphy. The land all being of like quality and value, such voluntary division was fair both to her and to Stedman, and such division was never questioned until plaintiffs instituted this suit.

[11, 12] A parol partition of a tract of land voluntarily made by tenants in common is valid and not in contravention of the statute of frauds. When the transaction is of ancient date and the parties thereto are dead, it is frequently impossible from the lapse of time to submit direct evidence of the very making of the agreement. In such cases such agreement may be shown by circumstances and inferences from the acts of the parties and their acquiescence in such acts. Glasscock v. Hughes, 55 Tex. 461, 473, 474; Mitchell v. Allen, 69 Tex. 70, 73, 6 S. W. 745. Parol partitions in which married women were involved have been frequently upheld in this state, where their husbands assented thereto and where such partitions were shown to be fair and equitable and to have been acquiesced in for long periods of time. Wardlow v. Miller, 69 Tex. 395, 399, 6 S. W. 292; Aycock v. Kimbrough, 71 Tex. 330, 333, 12 S. W. 71, 10 Am. St. Rep. 745; George v. Thomas, 16 Tex. 74, 89, 67 Am. Dec. 612; Cowan v. Brett, 43 Tex. Civ. App. 569, 97 S. W. 330, 331 (writ refused); Martin v. Harris (Tex. Civ. App.) 26 S. W. 91, 92; Evans v. Martin, 6 Tex. Civ. App. 331, 25 S. W. 688, 690; Berry v. Seawall (C. C. A.) 65 F. 742, 755, 760.

[13, 14] Rosa Bounds was a minor at the time Stedman fenced and appropriated his pro rata share of said 13-acre tract. She continued a minor until her death. Upon her marriage, however, in 1896, she was informed by her father that Stedman had set aside this unfenced 2⅙ acres as her share of said tract. The testimony indicates that she must necessarily have known that Stedman was in possession of the remainder thereof and claiming the same as his share, and that with such information and knowledge she accepted said 2⅙-acre tract as her share thereof. If she did know that Stedman was asserting an adverse claim to the land so inclosed by him, limitation under the statute then in force would have begun to run against any claim on her part to an interest in said 10⅚ acres before her death but for her minority. Article 5544 of the Revised Statutes expressly provides that the period of limitation shall not be extended by connecting one disability with another. If limitation would have

begun to run against her but for her minority, it began to run against her child, Roy Easterling, under whom plaintiffs claim, upon her death in 1897, notwithstanding his minority. Best v. Nix, 6 Tex. Civ. App. 349, 25 S. W. 130, 131; Elcan v. Childress, 40 Tex. Civ. App. 193, 89 S. W. 84, 85 (writ refused); Lamberida v. Barnum (Tex. Civ. App.) 90 S. W. 698, 700. Nearly 20 years elapsed between the death of Mrs. Easterling and Roy Easterling's enlistment in the navy in 1917. If Stedman's possession was adverse to Mrs. Easterling at the time of her death, there is no contention that it did not continue adverse during all said years.

[15-18] The finding of the court in favor of the defendants was general, and therefore every issuable fact must be considered found in their favor if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such finding we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited. We think the evidence in this case is sufficient to support a finding that there was a voluntary partition of said 13-acre tract between Stedman and Mrs. Easterling, that the same was fair to both of them, and that such partition was acquiesced in continuously thereafter until the institution of this suit. We also think the evidence is sufficient to support a finding that the possession of Stedman was adverse to Mrs. Easterling from the time he inclosed said 10⅝-acre tract, and that notice of such adverse claim was brought home to her when her father turned over to her the 2⅛-acre tract which she afterwards conveyed to Murphy. Such being the case, the judgment of the court denying plaintiffs the recovery of any part of said 10⅝-acre tract should be sustained.

The judgment of the trial court is affirmed.