STANOLIND OIL & GAS CO. v. RAILROAD COMMISSION OF TEXAS et al.

No. 8441.

Court of Civil Appeals of Texas. Austin.

July 15, 1936.

Rehearing Denied Sept. 23, 1936.

Turner, Rodgers & Winn, of Dallas (Clay Tallman and L. A. Thompson, Jr., both of Tulsa, Okl., of counsel), for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

White, Taylor & Gardner, of Austin, and Storey, Sanders & Sherrill, of Dallas, for appellee W. L. Sartain.

McCLENDON, Chief Justice.

This is a rule 37 (oil well spacing rule) case. It involves the validity of a permit to drill a well upon a .077-acre tract in the town of London, in the East Texas oil field. Ownership of the segregated tract antedates promulgation of rule 37; and the issue of voluntary segregation subsequently to application of the rule is therefore not involved. The tract is triangular in form. Its north, east, and south lines are 80.4, 62.4, and 18.1 feet, respectively. Its west line is the center of a public street and is 85.5 feet long. On the north and east it is bounded by the London School tract of approximately 4 acres, on which there are five producing wells, operated by Londo Oil Company as lessee. Across the street to the west is the Maxwell tract of 107.5 acres with 22 producing wells, operated by appellant (Stanolind) as lessee. To the south and across the street is a small tract with one producing well (Butler & Calhoun No. 1, to which we refer by initials B. & C.). About 40 feet a little south of east of the B. & C. is another producing well, the Tripp-Meade No. 8 (T–M–8). The well in issue is practically equidistant from these latter two and Lando No. 4 (L–4). Appellant contends that it not located on the tract in issue, but a few feet to the east on the London School tract. We are not prepared to say that this is conclusively shown by the evidence; but for the purposes of this appeal adopt this theory. It is as near the road as it could be drilled without placing a part of the derrick in the road. One of appellant's witnesses, an oil geology expert, testified that the recoverable oil in place under the tract would not exceed 2,300 barrels, the value of which was less than one-fourth the cost ($10,000) of drilling the well. He also testified that the well would cause waste by increasing the

coning from water percolation, and would greatly increase the fire hazard.

The present appeal is from an interlocutory order denying a temporary injunction to restrain drilling the well and production of oil therefrom. The permit was granted as an exception to rule 37 "to prevent confiscation," May 25, 1935. This suit was brought September 27, 1935. At the time of the hearing the well had been drilled to a depth of 3,600 feet, and it has since been completed. At the close of appellant's testimony in chief at the hearing, Sartain and the commission moved for an order denying the injunction, reserving the right, however, to introduce controverting testimony in case the motion were overruled. The motion was granted, the injunction denied, and this appeal is from that order.

Appellant's contentions in support of its asserted right to a temporary injunction are substantially these:

1. The well as actually drilled on a different tract from that described in the application and permit was an "unlawful well," and therefore subject to be enjoined as an absolute matter of right.

2. The well produces waste by increasing the coning, and creates an additional fire hazard.

3. If allowed to produce to minimum capacity under proration the well will ultimately produce greatly in excess of the recoverable oil in place under the tract, resulting in loss and· damage to appellant through consequent excessive drainage.

■ If Sartain was entitled to develop his tract as a matter of right, and therefore entitled to at least one well, the fact that his well was drilled a few feet outside his boundaries on land belonging· to another could not be a subject of just complaint by appellant, absent a showing of some disadvantage to it by reason of the location. Such location being farther from appellant's lease than if it had been upon any portion of the Sartain tract, it was an advantage and not a detriment to appellant. The exact location of the boundary line between the Sartain and London School tracts concerned only the owners of those respective tracts. The permit applied only to the Sartain tract, and no further drilling could be had on that tract. Sartain would be estopped from asserting that the well was not drilled in accordance with the permit, should he attempt to obtain an additional permit. The only effect of enjoining production from the well on the ground that it was improperly located would be to require Sartain, in order to obtain his recoverable oil, to drill another well, which of necessity would have to be nearer appellant's lease, and therefore more injurious to its interest than the well in issue. Neither the commission nor any of the other adjacent leaseholders are complaining of the well's location; and we hold that appellant has no just cause of complaint based alone upon the well's location.

■ Considering the second contention:

The fact that a well·may tend to increase waste through coning or that it increases the fire hazard does not, alone, give an adjoining leaseholder the right to have its operation enjoined. As has been repeatedly held by this court, the spacing rule itself is predicated upon a finding that wells drilled in closer proximity tend to create waste. Exceptions to the rule, granted to protect vested rights, for which the rule expressly provides, presuppose some resultant waste, or other detriment. The inherent right of the landowner to obtain his fair share of the oil in place under his land is the basic consideration for the exception to the rule "to protect vested rights," which is deemed to outweigh other considerations for which the rule was promulgated. The commission has ample power to pass such rules or orders as may be necessary to minimize the deleterious effects flowing from exceptions to the rule. Total deprivation of the landowner's vested right to a fair share of the recoverable oil in place under his land is not a proper remedy under our present conservation laws and rules promulgated thereunder.

■ This question, and that involved in appellant's third contention, cannot properly be adjudicated in an application for temporary injunction. The well, in this instance, has already been drilled, and the only injunctive relief which could now be granted would be to restrain production. In no event can production be properly restrained, that is in toto, until Sartain has obtained the amount of oil he is legally entitled to. What measures of relief will then be open to appellant it is not necessary now to inquire into. The subject is discussed in Brown v. Humble Oil Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107, and Id. (Tex.Sup.) 87 S.W.(2d) 1069, 101 A.L.R. 1393; also in the very recent (July 7, 1936) opinion by the U. S. Circuit Court of

Appeals, 5th Circuit, in Magnolia Petroleum Co. v. Blankenship, 85 F.(2d) 553. What appellant's ultimate rights may be, and whether they can properly be asserted in the present suit, we do not decide. We only hold that in the present state of the instant suit appellant is not entitled to the sought injunctive relief, and the trial court entered the proper order.

The order appealed from is affirmed.