**SHELL PETROLEUM CORPORATION v. RAILROAD COMMISSION et al.**

No. 8613;  Motion No. 8899.

Court of Civil Appeals of Texas.  Austin.

March 16, 1938.

Rehearing Overruled May 4, 1938.

Greenwood, Moody & Robertson, of Austin, and R. H. Whilden, of Houston, for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

Jones & Jones, of Marshall, and L. Hamilton Lowe, of Corpus Christi, for appellees Jones & Jones and Sam Thomas.

BLAIR, Justice.

This is a rule 37 case. It arose as an appeal from an order of the Railroad Commission granting a permit to drill an oil well on a .53-acre tract of land in Gregg county. The trial in the district court sustained the commission's order granting the permit; hence this appeal.

The controlling question is whether an oral partition of lands, later ratified by the deeds of the partitioners prior to the discovery of oil in the East Texas oil field, constituted a voluntary subdivision of the .53-acre tract from a 68½-acre tract, in violation of rule 37. We have reached the conclusion that it was not such a voluntary subdivision as has been condemned by this and the Supreme Court.

The facts show that in 1905 Martha J. McNeely acquired title to a 68½-acre tract of land. She died intestate prior to 1928, leaving as heirs her husband, H. C. McNeely, and their three children, J. L. McNeely, Julia (McNeely) Benson, and Willie (McNeely) Muckelroy. Prior to 1922, the husband, the son, the two daughters, and their husbands jointly occupied and cultivated the 68½-acre tract.

In 1922, said four heirs orally partitioned the 68½ acres, by setting aside to each of the four partitioners a tract of 17 acres, thus leaving the .53-acre tract here involved unpartitioned, and it has continuously so remained. At the time of the oral partition each partitioner took possession of and has continuously occupied and cultivated the 17-acre tract awarded to him or her. In 1928, said four heirs executed and delivered to each other partition deeds conveying the 17-acre tracts as theretofore orally partitioned, and in 1931, by a correction deed again ratified the prior partition, said correction deed being executed particularly to correct the acknowledgments of two of the grantors which were inadvertently omitted from the partition deeds of 1928, although the grantors signed the deeds. In all such partition agreements only 68 acres of the 68½ acres were set aside to the respective partitioners, the .53-acre tract in suit being left undivided or unpartitioned.

It may be here stated that "in this state it is well settled that a parol agreement for the partition of lands is valid. Houston v. Sneed, 15 Tex. [307] 309. It is not within the statute of frauds. Stuart v. Baker, 17 Tex. [417] 419." Glasscock v. Hughes, 55 Tex. 461. Especially is the parol partition of real estate valid where it is coupled with possession by the respective cotenants. Edwards v. Edwards, Tex.Civ.App., 52 S.W.2d 657. And "a married woman can make a verbal partition of her real estate; and her deed, though not acknowledged, may be effective for the purpose of accomplishing a partition." Cowan v. Brett, 43 Tex.Civ. App. 569, 97 S.W. 330, 331.

Between the fall of 1930 and February, 1931, each of the partitioners leased for oil and gas development the 17-acre tract awarded to him or her, and each partitioner leasing at different times and to different persons, and at no time was any effort made to develop the 68½-acre tract as a whole. The four said heirs jointly executed and delivered the oil and gas lease on the .53-acre tract; and an agreed judgment was entered in the case of J. L. McNeely et al. v. Empire Gas & Fuel Co. et al.; the district court of Gregg county, in January, 1936, awarded title to the .53-acre tract to the said heirs, and to their lessee the oil and gas leasehold estate; the defendants in said suit being adjoining land or oil lease

owners. Thereafter, on February 25, 1936, the Railroad Commission granted the permit to drill the well in question on the .53-acre tract.

The undisputed evidence showed that at the time of the oral partition in 1922, and its ratification by the deeds of 1928, the territory surrounding the land partitioned was not known nor anticipated to be productive of oil or gas. The undisputed evidence also showed that the entire fee to the 68 acres was partitioned; and that no segregation of the oil and gas interest was made or attempted to be made; and that the entire fee remained unpartitioned in the .53-acre tract.

▮▮▮ Neither rule 37 of the so-called state-wide application as promulgated by the Railroad Commission in 1919, nor any amendment thereto, nor any special rule 37 has any application to territory not known nor anticipated to be productive of oil or gas; and the rule inhibiting voluntary subdivision of lands which could have been developed as a whole in order to circumvent the provisions of rule 37 has no application to subdivisions of lands prior to the discovery of oil and gas in the territory where the lands are located. Mr. Justice Sharp aptly stated the rule in Brown v. Humble Oil & Refining Company, 126 Tex. 296, 83 S.W.2d 935, 945, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393, as follows: "Where rule 37 is in force in a certain territory, a voluntary subdivision of a tract of land subject to development for oil and gas as a whole would not entitle the owner of said divided tract, or tracts, as a matter of right, to an exception of rule 37 on the ground of vested rights, because such act would destroy the rule and render the conservation laws a nullity."

To the same effect are the decisions of this court as well as of the Supreme Court in the following cases: Sun Oil Co. v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 609; Humble Oil & Refining Co. v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 622; Humble Oil & Refining Co. v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 625; Smith v. Stewart, Tex.Civ. App., 68 S.W.2d 627; Stewart v. Smith, 126 Tex. 292, 83 S.W.2d 945.

▮▮▮ The Railroad Commission has continuously interpreted rule 37 as having no application to unproved territory. It did promulgate an order in May, 1934, wherein it is provided that no subdivision of lands after the so-called state-wide rule 37 was promulgated in 1919 would be considered in determining whether or not property is being "confiscated" within the meaning of that term as used in the spacing rule. Whatever construction may be placed upon this order as applying to subdivisions after 1919, it is operative only as to oil fields that have been discovered prior to the time of the subdivision, because in 1932 the Legislature enacted a statute, declaratory or expository in its nature, which provided in effect that the Railroad Commission is without authority or power to restrict or in any manner limit the drilling of wells for the purpose of exploring for oil or gas in territory not known to produce either oil or gas. Chapter 2, section 2, Acts 1932, 42d Leg., 4th C.S., p. 3, and amended in other particulars by Acts 1935, 44th Leg. c. 76, section 3, p. 180, Vernon's Ann.Civ.St. art. 6014a. So it is immaterial whether this act be regarded as expository, expressing the view of the Legislature that the commission has never had the power or authority to restrict the drilling of wells in territory not known to produce oil and gas; or whether the act be considered as of that time withdrawing from the Railroad Commission the power to apply a spacing rule regulating wells in a territory not known or anticipated to be productive of either oil or gas; because under either view the commission is without authority to restrict wells for oil or gas in territory not known to be productive of oil or gas.

Since the .53-acre tract in question was segregated long prior to the discovery of oil and gas in the territory in which it is situated, the rule inhibiting voluntary subdivision in violation of rule 37, which specifically authorizes the drilling of oil wells as an exception to general spacing distances prescribed by the rules in order to protect vested rights or to prevent confiscation of property, has no application. Stanolind Oil & Gas Co. v. Railroad Commission et al., Tex.Civ.App., 96 S.W.2d 664.

The judgment of the trial court will be affirmed.

Affirmed.

## On Motion for Rehearing.

BAUGH, Justice.

The writer concurs in the disposition of this appeal made in the original opin-

ion herein by Associate Justice BLAIR; and in his conclusion that the voluntary subdivision rule originally announced by this court in December, 1933, and January, 1934 (see the several rule 37 cases reported in 68 S.W.2d 609-628, supra), should not and does not apply to instances where one in good faith acquires fee title to land in unproven territory; and such acquisition was not in contemplation of oil development. However, the writer does not construe the provisions of chapter 2, section 2, Acts 1932, 4th C.S. 42d Leg., as amended by Acts 1935, 44th Leg., c. 76, § 3, Vernon's Ann.Civ.St. art. 6014a, as limiting or governing the rules and regulations of the Railroad Commission in its administration of the conservation laws. I concur in the construction of these acts given by Chief Justice McClendon, in No. 8570, T. P. Nash et al. v. Shell Petroleum Corporation et al., Tex. Civ.App., —— S.W.2d ——,[1] this day decided. I deem it advisable to make this statement that there may be no misapprehension about the respective views of the different members' of this court.

---

[1] Rehearing pending at date of publication.