**GULF OIL CORPORATION v. WOOD et al.**
No. 8765.

Court of Civil Appeals of Texas. Austin.
May 11, 1938.

Rehearing Denied Oct. 26, 1938.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin (John E. Green, Jr., of Houston, of counsel), for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

Pollard & Lawrence, of Tyler, for appellee Fox Wood.

McCLENDON, Chief Justice.

This is a rule 37 case. The suit was by the Gulf (Gulf Oil Corporation, owner of a contiguous oil lease, appellant) to set aside an order of the Commission granting a permit to drill a third well (No. 4) upon a 3.65-acre tract in the East Texas oil field. The permit was granted as an exception to rule 37 "to prevent confiscation of property." The appeal is from an interlocutory order denying a temporary injunction sought to restrain drilling the well and producing oil therefrom pending trial upon the merits.

The entire record of the hearing before the Commission was introduced in the hearing below for the purpose of showing the basis of the Commission's order. Immediately west of the 3.65-acre tract is the Harry Hanbury 2.46-acre lease. We quote from the report of the examiner for the Commission, upon which the permit was granted:

"This location is requested as a compensating offset to Harry Hanbury No. 1 offsetting applicant on the west. Applicant shows that its wells Nos. 1 and 3 served as offsets to Harry Hanbury wells Nos. 1 and 2 until a permit in Case 24,-955 was granted to Harry Hanbury to drill well No. 3 on his tract. Applicants contend that they should have an additional well on account of the three wells offsetting them on the west.

"Gulf Oil Corporation and Lewis Production & Selby Oil and Gas Company protested the location and show that considering adjoining leases in their entirety applicant already has a density advantage. Protestants further showed that if an area adjacent to and eight times the size of applicant's property is considered that applicant's density is now approximately the same as such an area.

"Gulf Oil Corporation stated that it had or would file suit against the drilling of Harry Hanbury No. 3 location and that Harry Hanbury had agreed not to drill the location until further notice to the Gulf Oil Corporation. Gulf Oil Corporation made the contention that unless the Harry Hanbury location No. 3 is drilled there would be no necessity for Fox Wood and Penn Oil Company offsetting the location."

The evidence offered to the Commission supported the above contention of the applicant.

In its verified petition, which contained its application for temporary injunction, the Gulf alleged that it had appealed from the order granting the permit to drill the Harry Hanbury well No. 3, and that the appeal was still pending. A special exception to this allegation was sustained.

As the writer construes the evidence upon the hearing below, it would not sup-

port a finding sustaining an exception to rule 37 based upon prevention of confiscation of property if the Hanbury No. 3 well be excluded. If that well be included the evidence upon this issue was conflicting. It is the writer's view that so long as the Hanbury permit was in litigation that well could not be properly considered in determining the right to the well in suit. This issue is not material, however, in view of the majority holding upon the question of waste.

Upon this question the evidence below was conflicting, and would have supported either a positive or negative finding. It is the holding of the majority that the case is ruled by the decision in the Century case (Railroad Commission v. Magnolia Petroleum Co., Tex.Sup., 109 S.W.2d 967), and that the Commission's order should be upheld upon the prevention of waste theory independently of a conclusive negative showing upon the prevention of confiscation of property theory. This holding calls for an affirmance of the order appealed from.

As the writer finds himself unable to concur in the above holding of his associates, or in their interpretation of the Century decision, he feels called upon to express briefly his views thereon, which follow.

The Century case involved a voluntary subdivision, and the permit to drill upon the subdivision was upheld upon the ground that the evidence supported the theory that the larger tract, including the subdivision, was entitled to the additional well in order to prevent confiscation of property, the ground on which the permit was granted. That, in the writer's view, was the extent of the decision in the Century case, although there is some general language in the opinion which might be given a broader interpretation. The writer's interpretation of the Century decision is stated in his opinion in Humble O. & R. Co. v. Lasseter, 120 S.W.2d 541. "The authority of a judicial opinion is limited to the judicial decision." Ferguson v. Johnson, Tex.Civ.App., 57 S.W.2d 372, 376.

Rule 37 provides for two exceptions: (1) to prevent waste; and, (2) to prevent confiscation of property. These two exceptions are separate and distinct from each other. The former is in the interest of conservation generally; the latter is in the interest of the individual owner, and may even cause waste. See Stanolind O. & G. Co. v. Railroad Commission, Tex.Civ.App., 96 S.W.2d 664. Where the evidence conclusively shows that the applicant is entitled as a matter of law to the permit under one exception, the fact that it was granted upon the other exception is not material. But where the evidence does not support the permit upon the express exception upon which it is granted, it is the writer's view that it cannot be supported upon the other exception where the evidence thereon is conflicting. The Commission is an administrative board, and its functions as a fact finding body are quasi judicial. Under the uniform holding in this state such findings are conclusive, when supported by substantial evidence, and are not reviewable by the courts. But there must be some fact finding, either express or implied, by the Commission to sustain its orders. And where, as here, the Commission expressly based its order upon one exception, "to prevent confiscation of property," and the evidence conclusively negatives the existence of that exception, it is the writer's view that the order can not be upheld upon conflicting evidence upon the other exception, "to prevent waste."

The order appealed from is affirmed. Affirmed.